[L. A. No. 4794. In Bank.—February 25, 1918.]

## FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), et al., Petitioners, v. THE INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—IMPAIRMENT OF VISION—INJURY SUSTAINED BY ACCIDENT.—Impairment of the vision of an employee, caused by exposure to the vapor of wood alcohol in cleaning apparatus used by such employee in the course of his employment, was an injury sustained by accident within the meaning of section 12 of the Workmen's Compensation Act (Stats. 1913, p. 279), as it stood in January, 1914.

ID.—"ACCIDENT" CONSTRUED.—The word "accident" as employed in that act extends to injuries unexpected and unintended, although due to the doing by the employee of acts which he intended to do, and to the use of means which he intended to use in the course of his ordinary employment.

APPLICATION for Writ of Review after an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Jennings & Horton, and R. P. Jennings, for Petitioners.

Christopher M. Bradley, and Frank P. Doherty, for Respondents.

RICHARDS, J., *pro tem.*—This is an application for a writ of review after an award by the Industrial Accident Commission in favor of one Lester M. DeWitt against his employers, Jacoby Brothers, a corporation, and its insurer, The Fidelity & Casualty Company of New York, a corporation, the petitioners herein.

The facts of the case upon which it is alleged by the petitioners that the commission arrived at an erroneous conclusion as a matter of law are set forth in the findings of the commission, which it is conceded there was evidence adduced before it sufficient to support. Said findings are as follows:

"1. That Lester M. DeWitt, applicant herein, was injured by accident on the 7th day of January, 1914, while in the

employment of defendant Jacoby Brothers, and that said accident arose out of and happened in the course of said employment and in the manner following:

"a.    Said Lester M. DeWitt was for about two years prior to the happening of said accident a show card sign writer, and, the better to shade in colors in the artistic writing of said cards, he was, and for about one and one-half years had been, in the habit of using dyes dissolved in wood alcohol and forced through a fine needle by air pressure.

"b.    That ordinarily he used this appliance only a very small portion of time, but during the holidays immediately preceding said accident there was a very much greater use of (this) apparatus, and, directly after the holidays, when the pressure of work had somewhat slackened said DeWitt used an extraordinary quantity of wood alcohol in cleaning the apparatus and in washing and cleaning his hands; that he used such extraordinary quantity by pouring it on cloths.

"c.    That on the 7th of January said DeWitt had not noticed anything the matter with his eyesight but, on that day, he suddenly found that his vision was very greatly affected and went to see an oculist who fitted him with glasses but told him that glasses would do him very little good because there was a degeneration of the optic nerves.

"d.    By the 13th of January he was entirely unable to use his eyes for the work he had been doing and from and after that date until the date of hearing had been barely able to make his way about the streets and was unable to do any work requiring even ordinary vision.

"e.    That, while using wood alcohol, as hereinbefore described, for such cleaning purposes, on or about the 7th of January, 1914, the eyes and optic nerve were exposed to and came in contact with the vapor of wood alcohol in unusual quantities, involving the sudden impairment of the vision of said applicant, and that said injuries so received constituted an accident which arose out of and happened in the course of said employment, and were not the result of an occupational disease."

It is the concluding phrase of the foregoing findings which the petitioners assail as a legal conclusion not justified by the language of the Workmen's Compensation Act as it read at the time of the injury upon which the award herein was made. Section 12 of the Workmen's Compensation Act, the so-called

Boynton Act, as it stood in January, 1914, the time of the applicant's injury, provided that "liability for the compensation provided by this act, in lieu of any other liability whatsoever, shall, without regard to negligence, exist against an employer for any personal injuries sustained by his employees by accident arising out of and in the course of the employment." It is the contention of the petitioners herein that the injury suffered by the applicant under the state of facts as found by the commission was not an "injury sustained by accident" within the meaning of that phrase as used in the foregoing excerpt from the Workmen's Compensation Act. In support of this contention the petitioners urge that the words "injury sustained by accident" are to be given a meaning which would confine their application to cases where the means or cause of the injury was accidental; as where it was the result of a casualty or of the happening of some precedent circumstance or event which, being itself unexpected or out of the ordinary, was thus to be deemed accidental; and that the word "accident" as employed in the act cannot be given application to the instant case where the result in the way of injury to the applicant, however unexpected and unintended, was due to the doing by him of acts which he intended to do and to the use of means which he intended to use in the course of his ordinary employment. In support of this contention the petitioner herein chiefly relies on the cases of *Rock* v. *Travelers' Ins. Co.*, 172 Cal. 463, [L. R. A. 1916E, 1196, 156 Pac. 1029], and the cases cited therein, where this doctrine is laid down as applicable to accidents to recover upon ordinary life or accident insurance policies. There can be no doubt as to the correctness of the principle announced in these cases in respect to the construction to be placed upon such insurance policies, which, as in the case of the policy sued upon in the Rock case, limited their application to "injuries effected through external, violent and accidental means." This court has, however, heretofore held that the phrase "injuries sustained by accident," as used in the Workmen's Compensation Act is to be given the broader interpretation in harmony with the spirit of liberality in which it was conceived and in which by the terms of the act we are required to construe it, so as to make it applicable to injuries to workmen which are unexpected and unintentional and which thus come within the

meaning of the term "accidents," as it is popularly understood. In adopting this interpretation of the terms of the act above referred to we have been mindful of the source from which our statute was evidently derived, viz., the Workmen's Compensation Act of England, enacted by parliament in the year 1897, under section 1 of which employers are declared to be liable to their employees for "personal injuries by accident arising out of and in the course of the employment." Construing this act of parliament, Lord Mac-Naughton, in the leading case of *Fenton* v. *Thorley, Ltd.,* [1903], App. Cas. 443, said: "The expression 'accident' is used in the public and ordinary sense of the word as denoting an unlooked for event which is not expected or designed." In the case of *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, [151 Pac. 398], this language was expressly adopted as defining the word "accident" as used in our Workmen's Compensation Act. In the case of *Southwestern Surety Insurance Co.* v. *Pillsbury,* 172 Cal. 769, [158 Pac. 762], this court drew attention to the distinction to be drawn between cases arising out of the more limited phraseology of life or accident insurance policies as illustrated in the Rock case, and the broader meaning to be applied to the language employed in the Workmen's Compensation Act; while in the yet more recent case of *Ocean Accident and Guaranty Co.* v. *Industrial Accident Comn.,* 173 Cal. 313, [L. R. A. 1917B, 336, 159 Pac. 1041], the words of the act in question were again considered as having been taken literally from the Workmen's Compensation Act of England with the construction they had there received prior to their incorporation into our California statutes. Applying this current of authority to the facts of the case at bar, it must be evident that the injury suffered by the applicant as set forth in the findings of fact of the Industrial Accident Commission, and for which he was awarded compensation, was an "accident" within the meaning of the act. Many cases might be cited from other states having similar statutes, and from England, in which like unforeseen, unexpected, and unintended injuries to employees have been classed as "accidents" and held sufficient to justify awards, such as injuries sustained by persons while lifting heavy objects; or through exposure to drafts or chilly air, or icy water in mines; or through the rupture of blood vessels brought on by unusual heat or overexertion, or through

the inhalation of poisonous gases, and the like; but we think the reasoning of the decisions of this court above cited sufficient to define the scope and meaning of the act so as to justify its application to the instant case.

For the foregoing reasons the petition herein is denied and the award of the commission affirmed.

Shaw, J., Sloss, J., Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.