## WINONA OIL CO. et al. v. SMITHSON et al.

No. 12448---Opinion Filed Feb. 28, 1922.

Rehearing Denied Oct. 3, 1922.

### (Syllabus.)

1. **Master and Servant — Workmen's Compensation Law Liberally Construed.**

The Workmen's Compensation Law should be construed fairly, indeed liberally, in favor of the employe. Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762.

2. **Same—"Accidental Personal Injury."**

Under section 1 of article 2, c. 246, Session Laws 1915, as amended by section 4 of the act of 1919, c. 14, providing compensation for disability of an injured employe "resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employe to bring about injury to himself, * * *" held, where an employe in the course of his employment goes to a supply store to get some tools and is injured by a severe jar received in stepping off of the porch with his arms full of tools, which jar ruptures a blood vessel in the left eye

causing a hemorrhage resulting in a practical loss of the eye, this constitutes an accidental personal injury as contemplated by said statute.

**3. Same — Practical Loss of Eye — Test of Right to Compensation.**

Under Workmen's Compensation Law, section 6, subd. 3, c. 246, Session Laws 1915, as amended by section 9, subd. 3, c. 14, Session Laws 1919, held, where the injured employe lost all practical use of an eye as a result of an injury, such employe is entitled to compensation irrespective of the ability of the employe to continue to perform his work in which he was engaged at the time of his injury. The test as to the rights of an injured employe to receive compensation is only dependent upon such employe having received an accidental personal injury resulting in such a permanent partial disability as is provided for in the schedule of the act.

**4. Same—Award—Affirmance.**

Record examined, and held, that the award should be affirmed.

Original action by Winona Oil Company and Consolidated Underwriters, as petitioners, against John Clark Smithson and State Industrial Commission of the State of Oklahoma, as respondents, to reverse and vacate award of State Industrial Commission of workmen's compensation. Award affirmed.

Moss & Howard, for petitioners.

R. E. Wood, Asst. Atty. Gen., for respondent.

KENNAMER, J. This action was commenced in this court by Winona Oil Company and Consolidated Underwriters, as petitioners, against John Clark Smithson and State Industrial Commission, respondents, to reverse and vacate an award made on June 10, 1921, by the State Industrial Commission in favor of John Clark Smithson awarding to the respondent, John Clark Smithson, $18 per week for a period of 100 weeks for the loss of the use of his left eye.

The essential facts as disclosed by the record are: That John Clark Smithson, on the 17th day of May, 1920, while employed by the Winona Oil Company, went to the National Supply Company store in the city of Wynona, Osage county, Okla., to get some tools for the oil company, and after getting the tools started out of the store to his car and stepped off a platform about two and one-half feet high. When the respondent, Smithson, stepped from the platform to the ground, the tools being in his arms, he received a severe jar, which caused rupture of blood vessel and hemorrhage in vitreous of left eye. The evidence of the attending physicians and of the respondent, Smithson, shows that the respondent, Smithson, for all practical purposes lost the use of his left eye, and the State Industrial Commission, upon the evidence submitted, under section 3 of the act of the Legislature of 1919, c. 14, Session Laws 1919, pages 18 and 19, awarded the respondent, Smithson, compensation for permanent partial disability for the loss of an eye. The act provides for 50 per centum of the average weekly wages as compensation; the maximum compensation under section 5 of the act being $18 per week. The respondent, Smithson, in this cause was receiving on the date of his injury a salary of $250 per month, or weekly wages of $62.50. The commission awarded him the maximum sum of $18 per week for 100 weeks.

The petitioners rely upon two propositions for the reversal of the award: First, that the injury sustained is not an accidental injury within the meaning of section 1, art. 2, of the Workman's Compensation Act of 1915, as amended by the act of 1919. Second, that if the injury is an accidental injury within the meaning of the Workmen's Compensation Law, the respondent, Smithson, should not be compensated, for the reason no disability resulted therefrom.

Counsel for the petitioners have with a great deal of ability and earnestness presented many authorities which appear to support the contentions of the petitioners. But upon an examination of the authorities cited by counsel for the petitioners, it is apparent that these authorities are construing statutes not identical with the statute under consideration. No authority by this court has been cited by counsel for the petitioners construing the Workmen's Compensation Law of Oklahoma. Counsel for the petitioners, in support of their contention that the injury compensated in this cause was not an accidental injury, rely upon section 4 of the act of the Legislature of 1919, c. 14, amending section 1 of article 2 of chapter 246, Session Laws of 1915, which in part reads as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act compensation according to the schedules of this article for the disability of his employe resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment, without regard to fault as a

cause of such injury, except where the injury is occasioned by the willful intention of the injured employe to bring about injury to himself or to another, or where the injury results directly from the willful failure of the injured employe to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner or result's directly from (the intoxication of the injured employe while on duty. * * *"

In is insisted that the phrase in said section of the act, supra, "resulting from an accidental personal injury sustained," is to be construed the same as the English Compensation Act, which uses the term, "by accident," and they cite the case of Fenton v. Thorley & Company, App. Cas. 443, 72 L. J. K. 787, 89 Law Times Report, 314 Times Law Report, 684, 5 W. C. C. 1, where the rule is announced as follows:

"* * * The expression of 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked-for mishap, or an untoward event which is not expected or designed."

We have no fault to find with the rule defining an accident, but, applying this rule to the case at bar, we are of the opinion that the injury received by the respondent, Smithson, was accidental. We agree with counsel for petitioners that the act of the respondent, Smithson, in stepping off of the porch was not an accident, for the reason he admits that he purposely walked out of the supply store and stepped off of the porch in front of the store, but the unlooked-for mishap or untoward event which was not expected or designed was the severe jar which ruptured a blood vessel in the respondent's eye. Unquestionably the violent jar which ruptured the blood vessel in the respondent's eye was an unlooked-for and unexpected event. It is obvious that if such an event or result had been expected, the respondent would not have stepped off of the porch, or would have unloaded the tools and gas fittings which he was carrying before he stepped from the porch, in order to have prevented the rupturing of a blood vessel in his eye. The rule as to what constitutes an accident is found in Corpus Juris, page 64, as follows:

"The word 'accident,' as used in a compensation act requiring the injury compensated for to be by 'accident,' is held to be employed in its ordinary sense as meaning an unlooked-for and untoward event which is not expected or designed; and the term 'accident' means something unusual, unexpected, and undesigned. * * *"

See Stasmos v. Industrial Commission et al., 80 Okla. 221, 195 Pac. 762; Mary E. Sullivan v. Modern Brotherhood of America. 167 Mich. 524, 133 N. W. 486, 42 L. R. A. (N. S.) 140.

The term "accidental injury," as used in the act, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction with a view of compensating injured employes where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action. Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762; Henley v. Okla. Union Ry. Co. et al., 81 Okla. 224, 197 Pac. 488; Robbins v. The Original Gas Engine Company (Mich.) 157 N. W. 437; Vennen v. New Dells Lumber Company, 161 Wis. 370, 154 N. W. 640. L. R. A. 1916A, 273; 1 Schneider's Workmen's Compensation Law, 135.

We are clearly of the opinion that the injury received by the respondent in this cause was an accidental injury within the meaning of the act.

It is next contended by counsel for the petitioners that the respondent is not entitled to compensation for his injury, for the reason that only compensation may be paid under the Compensation Law of this state for a disability resulting from an accidental personal injury; that it was the purpose of the Workmen's Compensation Act to provide compensation because of incapacity for work. We concur in the contention of counsel, that it is the purpose of the Compensation Law to pay the injured employe for disability and incapacity to work. The act, in section 9, Session Laws 1919, page 18, specifically provides for permanent partial disability as follows:

"In case of disability partial in character but permanent in quality the compensation shall be 50 per centum of the average weekly wages, and shall be paid to the employe for the period named in the schedule as follows. * * * Eye: For the loss of an eye, one hundred weeks. * * *"

It is obvious under the plain language of this section of the law that the loss of an eye constitutes a disability partial in character, but permanent in quality, and it provides compensation for such a disability should be 50 per centum of the average weekly wages, and that such compensation

is not dependent upon the actual incapacity of the injured employe to continue to discharge his duties in the line of his employment at the time of his injury. The fact that his employer continues his employment, or that he secures employment from some other person at an increased or decreased wage, in no way affects his right to the compensation specifically provided for in the act. If the injured employe receives such an injury as is specifically provided for in the act, such as the loss of a hand, toe, arm, foot, finger, leg, etc., the same constitutes a permanent partial disability, for the simple reason that the act specifically so provides, and the injured employe is entitled to the compensation as provided in the schedule of the act. The rule may be found in vol. 2, Schneider's Workmen's Compensation Law, sec. 402, to be as follows:

"If the employe's physical efficiency has been substantially impaired, the fact that he is employed at the same work, or at the same or higher wages, will not as a general rule disentitle him to compensation, unless it is expressly so provided in the act under which the claim is made.

"Some impairment of efficiency is, however, essential, unless the injury comes within the disfigurement provision of the act.

"Under the Kansas Act, the court, in holding that it was immaterial whether an injured employe was making as much or more after the injury in some other line of employment as he was making prior to the injury, said: 'It is settled that, when one is totally or partially incapacitated, for hard manual labor, he is not to be denied compensation because he obtains employment even at better wages at a task which he is physically able to perform.'"

Hercules Powder Company v. Morris County Court of Common Pleas et al. (N. J.) 107 Atl. 433; Mercury Aviation Company v. Industrial Acc. Commission of California et al. (Cal.) 199 Pac. 508.

We are of the opinion that it was the intention of the Legislature to treat such physical impairment as the loss of a hand, arm, leg, or eye as a disability partial in character but permanent in quality, and compensation must be paid where the impairment resulted from an accidental personal injury sustained by the employe arising out of and in the course of his employment irrespective of his subsequent ability to earn compensation in his present occupation or in other employment.

The primary purpose of all workmen's compensation laws is to provide compensation for injured employes for injuries accidentally received in the course of their employment. The compensation provided for in such laws is intended to operate and fill the place of an accident insurance policy. The great army of employes is indispensable in carrying on the great industrial operation of the nation in the production of the necessities of life. In order to dispense with a great volume of expensive litigation, workmen's compensation laws have been substituted for the ordinary common-law action for damages for injured employes; the chief purpose of all workmen's compensation laws being to compensate injured employes speedily and in an inexpensive manner. Then the necessary cost of such compensation is to be charged as a part of the cost of production. Therefore, technical rules and fine spun theories have no place in the construction of such laws. The award of the Industrial Commission is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.