## ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12204—Opinion Filed Dec. 12, 1922.

Rehearing Denied Feb. 26, 1923.

(Syllabus.)

1. **Master and Servant—"Accidental Personal Injury" Within Compensation Law.**

Section 4 of c. 14, act 1919, amendatory of sec. 1, art. 2, c. 246, of act 1915, providing compensation shall be paid for disability of an injured employe "resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employe to bring about injury to himself, * * *" held, where an employe, in the course of his employment, in using a pick digging a sewer ditch, received a bruise to his right hand, which bruise, according to the evidence of a competent physician, resulted in a palmar abscess, and said injury resulted in a permanent disfigurement of the hand and almost destroyed its usefulness, this constitutes an accidental personal injury as contemplated by the statute, and is compensable as in the case provided.

2. **Same—Workmen's Compensation Law—Opinion Evidence—Consideration By Industrial Commission—Time to Object —Appeal.**

In a proceeding under the Workmen's Compensation Law, where the Industrial Commission, on motion of counsel for the respondents, makes an order directing the claimant to submit to a medical examination by a competent physician for the purpose of determining the present condition of the claimant resulting from his injury and orders the physician making the examination to report his findings in writing to the commission, and the physician pursuant to the order makes such an examination and makes a report of his examination to the commission, and no objections or exceptions to the order are made by the respondents, held, that an objection to the consideration of such evidence for the first time in an original action in this court to review the award comes too late, and the respondents will be deemed to have consented to the consideration of such evidence. Record examined, and held, that the award of the Industrial Commission be affirmed.

Original action by Associated Employers' Reciprocal and N. S. Sherman Machine & Iron Works, a corporation, petitioners, against State Industrial Commission and James Plunkett, respondents, to reverse and vacate award of the State Industrial Commission in favor of Plunkett, claimant. Award affirmed.

Twyford & Smith, John P. Hampton, and Clayton B. Pierce, for petitioners.

S. P. Freeling, Atty. Gen., and R. E. Wood and Kathryn Van Leuven, Assts. Atty. Gen., for State Industrial Commission.

Jas. M. Shackleford and I. H. Ottison, for James Plunkett.

KENNAMER, J. The N. S. Sherman Machine & Iron Works, a corporation, while engaged in the work of constructing sewer systems, had employed James Plunkett as a common laborer. Prior to the 3rd day of July, 1920, Plunkett had been digging in ditches, using a pick, and while so engaged bruised his right hand. The bruise to the hand of Plunkett became so painful he was forced to cease work on the 4th day of July, 1920, and was unable to return to work until about the 1st day of September, 1920.

The N. S. Sherman Machine & Iron Works continued to pay Plunkett his wages during the months of July and August. Plunkett returned to work for the company about the 1st of September, as night watchman.

On October 24, 1920, pursuant to notice and a claim for compensation by Plunkett, a hearing was had at Okmulgee by one of the commissioners of the Industrial Commission. At this hearing Plunkett, claimant, appeared and testified. Thereafter, on the 14th day of December, 1920, the commission made an award in which it was determined that Plunkett had sustained injury on the 3rd day of July, 1920, while in the employment of the N. S. Sherman Machine Works, re-

sulting from his employment, and that the injury resulted in the disability of the claimant for six weeks. The commission directed that compensation due the claimant of $11.54 per week be paid by the Associated Employers' Reciprocal, the insurance carrier, to the N. S. Sherman Machine Works, for the reason the employer had paid the claimant his wages during the period of disability, and awarded the claimant all medical expense he had incurred.

Motion was filed on the 5th day of January, 1921, by the Associated Employers' Reciprocal, insurance carrier, to vacate the award for the reason the commission had no jurisdiction to order it to reimburse the N. S. Sherman Machine & Iron Works for wages it had paid the claimant during his disability.

On the 19th day of January, 1921, Plunkett, claimant, filed motion to have the commission review the award made on the 14th day of December, 1920. The motion to vacate the award was overruled by the commission on the 13th day of January, 1921.

The ruling upon the motion to vacate the award is not important on this appeal. It is true, as counsel for the respondents contend, that the commission was without jurisdiction to make an order directing the Associated Employers' Reciprocal to reimburse the N. S. Sherman Machine & Iron Works for wages it had paid to the claimant during his disability. The commission is only vested with jurisdiction to adjudicate the claimant's claims for compensation against the employer. But the fact that the commission undertook to make an award not within its jurisdiction in no way affected its jurisdiction to make an award subsequently in favor of the claimant against the employer.

Pursuant to notice the motion to review the award of December 14, 1920, was heard on the 3rd day of February, 1921. The commission, at this hearing, heard the oral evidence of the claimant. The respondents offered no evidence. At the conclusion of this hearing the Associated Employers' Reciprocal, respondent, made a motion that the claimant, Plunkett, be ordered to submit to an examination made by a competent physician. The commission, pursuant to this motion, entered an order requiring the claimant to be examined by Dr. LeRoy Long, at his office in the Colcord Building, Oklahoma City, and ordered Dr. Long to report his findings in triplicate to the commission.

Pursuant to the order of the commission, Dr. Long examined the claimant on the 3rd day of February, 1921, and filed his report with the commission on the 5th day of February. In this report filed by Dr. Long, he stated in substance that from the history of the case, coupled with the physical examination made by him, he was of the opinion that the claimant had what is known as palmar abscess. That such abscess was situated rather deeply in the hand beneath a stiff, membranous structure known as the palmar fascia, and that the condition practically always results from a bruise of the palm, followed by infection due to the entrance into the bruised parts of germs of inflammation. That he did not believe from the condition of the hand the claimant was able to do ordinary manual labor, which would involve the use of the injured hand. Taking into consideration the fact that the claimant is a right-handed man, he was of the opinion that his ability as a laborer had been reduced at least one-half as a result of his injury. His report in detail described the injury to the hand, showing that the fingers were left stiff and considerable scar in the center of the palm of the hand.

After this report of Dr. Long's had been on file from the 5th day of February, 1921, until the 21st day of March, 1921, the commission entered its order awarding the claimant $1,150 for disfigurement of his right hand and all medical expenses and hospital bills incident to said injury.

The respondents instituted this action on April 20, 1921, to reverse and vacate the award made by the Industral Commission, alleging that the award is not supported by any legal evidence whatsoever and is contrary to law. That there was no evidence sustaining the award, and other grounds not necessary to set out herein.

The two propositions argued by counsel for the respondents for reversal of the award and decisive of this action are that the evidence does not show any accidental injury; that there is no evidence which establishes the fact that any injury received by the claimant was a result of any accident happening to the claimant while employed by the N. S. Sherman Machine & Iron Works. We are unable to agree with counsel in either of their contentions. The claimant testified that he bruised his hand while using a pick. It further appears from the evidence that during the time that the claimant was unable to work, respondent N. S. Sherman Machine & Iron Works kept him on its pay roll. It is unreasonable to believe the claimant would have been kept

on the pay roll of this company if he had not been injured while in their employ.

Counsel for the respondents argue in support of their second contention that there is no evidence to show that the injury sustained by the claimant in any way resulted from his employment by the respondent N. S. Sherman Machine & Iron Works. This argument is presented for the reason counsel contend that the written report of Dr. Long filed with the commission in the case cannot be considered as evidence, in that Dr. Long was never sworn as a witness nor in any way verified his statement, and that counsel for respondents were given no opportunity to cross-examine the said Dr. Long. This contention comes too late. It was on the motion of counsel for respondents that the claimant was ordered to submit to an examination by Dr. Long, and Dr. Long ordered to file the report of his examination with the commission. Counsel for the respondents never made any objections to the commission making this order, and having acquiesced in the commission making the order for the reception of Dr. Long's evidence in the manner in which the same was filed, an objection to this evidence for the first time in this court on a review of the award will not be considered. Had counsel requested the commission to set the claim for further hearing in order that they might have Dr. Long personally present after he had made his examination in order that the respondents could have an opportunity to examine him as a witness, and made timely objections to the commission ordering Dr. Long to file findings in the form in which he did, it would have then been the duty of the commission to offer counsel an opportunity to have Dr. Long personally present to testify, but as no objection was made to the procedure adopted by the commission, the respondents will be deemed to have consented and acquiesced in the procedure adopted by the commission.

The rule is well established in the trial of cases in the courts, where a witness is permitted to testify without being previously sworn and that fact is known at the time, the defect must be taken advantage of at once, and a failure to do so is such acquiescence in the testimony as will preclude objection after verdict. 28 R. C. L., sec. 177. See notes, 4 Annotated Cases, 1024.

The case of Flynn v. Ponca City Milling Co. et al., 71 Oklahoma, 177 Pac. 366, is distinguishable from the instant case. In that case the commission submitted a transcript of the evidence without notice to either party to a medical advisor of the commis-

sion, who gave his written opinion to the effect that the abscess probably resulted from injury, and upon the opinion of the medical advisor the commission based its findings and conclusions. Clearly the procedure in the case was error, for the reason no notice was given to the parties; but in the case at bar the medical examination was made at the request of the respondents, or their counsel, and no exception was taken to the order of the commission directing the physician making the examination to file his findings in writing with the commission.

The contention is made by counsel that there was no sudden or violent accident which resulted in the injury of the claimant. Under the law it is not necessary that the claimant receive a sudden or violent injury in order to receive compensation. The term "accident" is not used in a narrow sense. Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762; Winona Oil Co. v. Smithson et al., 87 Okla. 226, 209 Pac. 398

The first section of the Workmen's Compensation Act of 1919, amendatory of section 2, art. 1, of c. 246, Session Laws 1915, specifically provides that compensation is "payable for injuries sustained by employes engaged in the following hazardous employments: * * *" Then the act designates the different employments coming within the act. It is provided in section 4, amendatory of section 1, art. 2, c. 246, that every employer is subject to the provisions of the act and shall pay or provide as required by the act compensation according to the schedules for the disability of employes resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment. It is clear from a consideration of these two sections that it was the intention of the law to provide compensation for an injury sustained by an injured employe while engaged in any of the hazardous occupations coming within the act, and if such injury is sustained, it is by the act regarded as an accidental injury, unless excluded for willful injury, etc., as in the act provided, and there is no language in the act authorizing the conclusion that as a prerequisite to the right of compensation the claimant must show that he has suffered some injury resulting from some sudden or violent accident. It is clear that the development of an abscess in the palm of the hand of the claimant in the case at bar, resulting from the continuous use of the hand in using a pick in ditching, is such injury as is compensable under the law.

The award of the commission is affirmed.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, MILLER, NICHOLSON, and COCHRAN, JJ., concur.