(August 2, 1926.)

ELMER ALDRICH, Respondent, v. F. A. DOLE, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[249 Pac. 87.]

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW — STATUTORY CONSTRUCTION—INJURY SUSTAINED "BY ACCIDENT."

The driver of an autotruck received an injury "by accident." C. S., sec. 6217, of the Workmen's Compensation Law, although such injury resulted from the cumulative effect of continuous pressing against the shift-lever, such pressing being made necessary because of worn gears, and repeated striking of knee by lever.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

APPEAL from judgment reversing decision of Industrial Accident Board, which denied an award in a proceeding under Workmen's Compensation Act. Judgment *affirmed.*

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Appellants.

For an injury to be compensable it must have resulted from an accident arising out of and in the course of the employment. (C. S., sec. 6217.)

The word accident as used in the Workmen's Compensation Law is used in the popular and ordinary sense of the word as denoting an unlooked for mishap or an untoward event which is not expected or designed. (*McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068.)

Publisher's Note.

See 28 R. C. L. 787.

See Workmen's Compensation Acts, C. J., sec. 54, p. 64, n. 9, 10; sec. 63, p. 72, n. 69; p. 73, n. 76.

P. E. Stookey, for Respondent.

The phrase, "personal injury by accident," as set out in
C. S., sec. 6217, should receive a liberal construction. The
word "accident" is only used relatively in said phrase, and
the word "injury" is the paramount thought therein. The
essential feature is that an injury was suffered by claimant
in the course of his employment. (*Associated Employers'
Reciprocal v. State Industrial Commission*, 88 Okl. 249, 212
Pac.° 604; *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773,
203 Pac. 1068; *Fidelity & Cas. Co. v. Industrial Acc. Com.*,
177 Cal. 614, 171 Pac. 429, L. R. A., 1918F, 856; *Griffin
v. Manice*, 166 N. Y. 188, 82 Am. St. 630·, 59 N. E. 925, 52
L. R. A. 922; *Baggott Co. v. Industrial Acc. Com.*, 290
Ill. 530, 7 A. L. R. 1611, 125 N. E. 254.)

WM. E. LEE, J.—While driving a truck in the con-
struction of a section of a state highway, Elmer Aldrich, a
workman, sustained an injury and applied for the payment
of compensation therefor. The application was denied by
the industrial accident board. The district court reversed
the decision of the board and directed that compensation be
allowed. This appeal is from the judgment of the district
court.

There is no dispute about the facts. Between the 12th
of September and the 17th of October, 1923, the gears of the
truck driven by claimant become worn so that in order to
travel at high speed it was necessary for him to press the
shift-lever with his right knee. In so doing the cogs would
frequently slip out of mesh and cause the lever to strike the
knee; and the pressing of the knee against the lever and the
striking of the knee, by the lever, caused the knee to become
bruised to such an extent claimant became disabled. As a
matter of law the board found that the "injury was not
sustained by accident arising out of and in the course of"
the employment, and that claimant was not entitled to re-
cover compensation for the disability or for expenses in-

curred for medical and surgical attendance or hospital service. The court found that on or about the 17th day of October, 1923, claimant had incurred a personal injury by accident arising out of and in the course of employment and that he was entitled to compensation, etc.

"If a workman receives personal injury by accident arising out of and in the course of any employment . . . . " he shall be entitled to compensation. (C. S., sec. 6217.) The foregoing portion of our statute is almost identical with the Workmen's Compensation Law of England and several of the states of this union. The term, "by accident," has been defined in a number of decisions in this country and in England. The definition by Lord Macnaghten in *Fenton v. Thorley,* App. Cas. (1903) 443, 72 L. J. K. 787, 89 Law Times Report, 314, Times Law Report, 684, 5 W. C. C. 1, was approved by this court in *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068.

" . . . . The expression of 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked-for mishap, or an untoward event which is not expected or designed."

The supreme court of Colorado, in *Carroll v. Industrial Commission,* 69 Colo. 473, 19 A. L. R. 107, 195 Pac. 1097, quotes the following portion of a discussion in 25 Harvard Law Review, 340 (which we do not have):

"Since the case of *Fenton v. Thorley,* nothing more is required than that the harm that the plaintiff has sustained shall be unexpected . . . . It is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether the injury is unexpected, and so, if received on a single occasion, occurs 'by accident,' is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing."

In *Glasgow Coal Co. v. Welsh,* 9 B. W. C. C. 371, decided in the House of Lords, Lord Kinnear said:

"The learned Counsel for the appellants argue that, in order to satisfy the Act, there must be some distinct event or occurrence which, taken by itself, can be recognized as an accident, and then that the injury must be shown to have followed as a consequence from that specific event. But this is just the argument that was rejected in *Fenton v. Thorley* (*supra*). It is unnecessary to say more; but I venture to add that the argument seems to me to rest upon a misreading of the statute, which can only have arisen from a failure to give any exact attention to the actual words. The statute does not speak of an accident as a separate and distinct thing to be considered apart from its consequences, but the words 'by accident' are introduced, as Lord Macnaghten says, parenthetically to qualify the word 'injury.' "

The supreme court of Oklahoma, in *Associated Employers' Reciprocal v. State Indus. Com.*, 88 Okl. 249, 212 Pac. 604, construing an act in principle apparently the same as our own, said:

"It is provided . . . . that every employer is subject to the provisions of the act, and shall pay or provide as required by the act compensation according to the schedules for the disability of employees resulting from an accidental personal injury sustained by the employee, arising out of and in the course of his employment. It is clear from a consideration of these two sections that it was the intention of the law to provide compensation for an injury sustained by an injured employee while engaged in any of the hazardous occupations coming within the act, and, if such injury is sustained, it is by the act regarded as an accidental injury unless excluded for wilful injury, etc., as in the act provided, and there is no language in the act authorizing the conclusion that, as a prerequisite to the right of compensation, the claimant must show that he has suffered some injury resulting from some sudden or violent accident. It is clear that the development of an abscess in the palm of the hand of the claimant in the case at bar,

resulting from the continuous use of the hand in using a pick in ditching, is such injury as is compensable under the law.''

In *Fidelity & Casualty Co. v. Industrial Accident Commission,* 177 Cal. 614, 171 Pac. 429, L. R. A. 1918F, 856, the facts of which are quite analogous to the facts in this case, it was held by the supreme court of California:

'' . . . . the phrase 'injuries sustained by accident' as used in the Workmen's Compensation Act is to be given the broader interpretation in harmony with the spirit of liberality in which it was conceived and in which by the terms of the act we are required to construe it, so as to make it applicable to injuries to workmen which are unexpected and unintentional and which thus come within the meaning of the term 'accidents' as it is popularly understood.''

Although the cases may be said to be not in entire accord, a reading of the American and English decisions, construing statutes identical and similar to ours, indicates that the weight of authority is that a workman may be said to receive a personal injury by accident arising out of and in the course of his employment when, from the operation of known and usual causes, he receives an injury, neither expected nor designed. (*McNeil v. Panhandle Lumber Co., supra; Fidelity & Casualty Co. v. Industrial Accident Commission,* 177 Cal. 614, 171 Pac. 429, L. R. A. 1918F, 856; *Stasmos v. State Industrial Commission,* 80 Okl. 221, 15 A. L. R. 576, 195 Pac. 762; *Carroll v. Industrial Commission,* 69 Colo. 473, 19 A. L. R. 107, 195 Pac. 1097; *Winona Oil Co. v. Smithson,* 87 Okl. 226, 209 Pac. 398; *Associated Employers' Reciprocal v. State Indus. Com.,* 88 Okl. 249, 212 Pac. 604; *Ward v. Beatrice Creamery Co.,* 104 Okl. 91, 230 Pac. 872; *Smith v. Munger Laundry Co.,* 1 I. A. C. of Cal., 168; *Vennen v. New Dells Lumber Co.,* 161 Wis. 370, 154 N. W. 640, L. R. A. 1916A, 275; *Fenton v. Thorley, supra; Brown v. John Watson,* 7 B. W. C. C. 259; *Glasgow Coal Company, Ltd., v. Welsh,* 9 B. W. C. C. 371; *Grant v. Kynoch,* 12

B. W, C. C. 78; *Selvage v. Burrell,* 13 B. W. C. C. 277; *Carr v. Burgh of Port Glasgow,* 16 B. W. C. C. 331.)

Had there been a single occasion when the knee pressed the lever and was struck by it, and injury had resulted therefrom, there would be no difficulty in concluding that the injury was received by accident. In such case it would be said that in the discharge of his duties, the workman placed his knee against the lever, the lever struck the knee, the injury resulted; and it would not be said that the injury was usual, was expected or was designed. Now if the single pressing of the knee against the lever and the single striking of the knee by the lever would result in an injury by accident, can we say that the injury actually received was not caused by accident merely because there was a continuation of the causes that brought on the injury? The statute does not restrict compensation to an injury that results from single event, and there would seem to be no sound reason for holding that an injury occasioned by a number or series of events is not within the act. The continuous pressing of the lever and the repeated striking of the knee had a cumulative effect so that the injury came on gradually; and claimant received the unexpected and unintentional injury during the time of the operation of the causes that produced the injury. (*McNeil v. Panhandle Lumber Co., supra; Selvage v. Burrell, supra.*)

Giving the law the liberal construction this and many other courts have held it should receive, *McNeil v. Panhandle Lumber Co., supra,* under the facts as here presented, we are forced to the conclusion that claimant's injury was received by accident arising out of and in course of his employment.

Affirmed. Costs awarded to respondent, to be paid from the state insurance fund.

William A. Lee, C. J., and Givens and Taylor, JJ., concur.

Petition for rehearing denied.

BUDGE, J., Concurring Specially.—C. S., sec. 6217, provides that if a workman receives personal injury by accident arising out of and in the course of any employment, etc., compensation shall be paid, etc.

The courts have favored a liberal construction of these statutes, and held that where the statute says "personal injury by accident," the harm suffered is first to be considered and, next, whether it was unexpected or undesigned. In this view it would seem, therefore, that if an injury is sustained in the course of employment and is not caused by the wilful intention of the employee to injure himself or to injure another, compensation should be allowed under the statute. Our statutes make no mention of the effect of contributory negligence in such cases.

It is said in the treatise on Workmen's Compensation Acts, published by Cyc.-Corpus Juris System, p. 65, thereof, that "an injury may have accidentally been sustained, although resulting from carelessness or negligence."

In *Vennen v. New Dells Lumber Co.*, 161 Wis. 370, 373, Ann. Cas. 1918B, 293, 154 N. W. 640, L. R. A. 1916A, 273, it is said:

"The intention of the legislature to include accidental injuries resulting from negligence within the language of the Compensation Act is so manifest that there is no room to indulge in construction of the language employed. In the popular sense the words as used in the Compensation Act, referring to a personal injury accidentally sustained by an employee while performing services growing out of and incidental to his employment, include all accidental injuries, whether happening through negligence or otherwise except those intentionally self-inflicted."

And in *Mann v. Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368, 369, L. R. A. 1916D, 86, it was held:

"It is plain enough from the terms of the act that, when an injury arising from a risk of the business is suffered while the employee is doing the thing which his employment

fairly requires him to do, he will be entitled to compensation (except when the injury is caused by the wilful and serious misconduct of the injured employee, or by his intoxication), although he was doing the work in a negligent or unusual way."