(No. 6742. November 22, 1939.)

MARTIN ERWIN HIERONYMUS, Respondent, v. STONE'S FOOD STORES, INC., Employer, and STATE INSURANCE FUND, Surety, Appellants.

[96 Pac. (2d) 435.]

Clarence L. Hillman, for Appellants.

Martin Erwin Hieronymus, *pro se.*, did not file a brief.

HOLDEN, J.—Saturday, January 28, 1939, respondent, while lifting and carrying a 170-pound veal from a truck to hang on scales in the meat department of his employer, Stone's Food Stores, Inc., Lewiston, Idaho, felt a pain in the groin on his left side which "hurt pretty bad." The following Monday afternoon he reported to his employer that "I think I ruptured myself last Saturday." In the evening of that day he examined himself and discovered a bulging in the groin on his left side. Wednesday, February 1, 1939, Dr. W. H. Douglas examined the claimant and found him to be suffering from a direct inguinal hernia for which he operated the following Monday, February 13, 1939. Claimant then filed notice of injury and claim for compensation with the Industrial Accident Board. The matter was heard July 7, 1939. August 1, 1939, the board made and filed findings of fact and rulings of law, and on the same day entered an order awarding compensation to claimant for hospital, medical and surgical attention and compensation for eight weeks. The appeal is from the award.

Appellants contend while prior to the amendments of 1927 (Sess. Laws 1927, chap. 106, sec. 7, p. 142; now sec. 43–1116, I. C. A.), this court "had construed the words 'accident' and 'personal injury' as being synonymous terms," that under section 43–1116, *supra* (as amended), it is "required that in the case of hernia that the injury must be by accident and furthermore that the injury be by accident resulting in hernia," and that in the case at bar there was no accident in that claimant was accustomed to moving meat in about the same manner he was moving the veal on the morning of the alleged accident, and that there was no evidence of any slip, wrench or sudden jerk. There is no dispute in the evidence. It establishes these facts:

That claimant was a meat cutter; that in the discharge of his duties he was required to lift and move beef and veal; that beef came into the shop in quarters and veal came in whole; that a quarter of beef would weigh on an average, 135 pounds; that veal would weigh from 100 to 220 pounds; that on the morning of January 28, 1939, a load of beef and veal came in; that while lifting a 170-pound veal on to

scales in a back room he felt a sudden pain in the groin on his left side; that he examined himself Monday evening and found a bulging on that side consisting of a bump about the size of two thumbs put together; that he had never had a pain or bulging there before; that he had been doing that type of work for about six years, and that he was doing "nothing out of the ordinary" on the morning in question.

Substantially the same contention was made in *In re Larson,* 48 Ida. 136, 279 Pac. 1087, as made in the case at bar. In that case we said:

"Under the amendments of 1927, respondents contend that to authorize compensation for an injury there must be an accident, that is, a 'slipping, falling or unexpected happening outside of and disconnected with the personal injury'; that 'personal injury' is not synonymous with 'accident,' and under the facts as found by the board there was no accident which caused or contributed to the alleged personal injury from which deceased died. . . . . "

" . . . .

"If respondents' contention is correct, and the amendments of 1927 are to be construed as denying compensation in all cases where a workman sustains an injury that is not preceded by slipping or falling or some like violent happening, no injury to a workman is compensable or can be regarded as an accidental injury in the absence of proof of a preceding slipping, falling or some sudden or violent accident. This construction, to our minds, is too technical and is not in keeping with the liberality of construction to be accorded to the law."

In the very recent case of *Cook v. Winget, ante,* p. 561, 94 Pac. (2d) 676, it was contended, as in the instant case, that the board confused the terms "injury" and "accident" and that there was nothing unusual in the work Cook (the claimant) was doing at the time of his alleged accident in that Cook was performing the same duties he had been performing for more than two years. It appears Cook was employed as manager of an ice-cream manufacturing establishment at Preston, Idaho, and while unloading trucks and

transferring cans of ice-cream, weighing about 45 pounds each, from truck to cabinets, became very sick and had a severe headache, which continued on and off for some time; that at night as soon as he returned home and undressed, he noticed a bulging on his left side. In the Cook case, *supra,* this court held that a workman receives a personal injury by accident arising out of and in the course of his employment, within the meaning of our compensation act, when, from the operation of known and usual causes he receives an injury, neither expected nor designed, and affirmed the award.

Finally, Dr. Douglas testified the hernia appeared suddenly and immediately and in the manner testified by claimant, and that it had not existed in any degree prior to the accident.

The order of the board is affirmed.

Ailshie, C. J., and Budge, Givens and Morgan, JJ., concur.