ATLAS COAL CORPORATION v. SCALES et al.

No. 32834.   June 10, 1947.

*185 P. 2d 177.*

Jones & Jones, of Muskogee, for petitioner.

Earl Goad, of Oklahoma City, G. L. Grant, of Fort Smith, Ark., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Atlas Coal Corporation, hereinafter called petitioner, to review an award made to respondent, Steve Scales. On the 2nd day of October, 1945, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with petitioner on December 18, 1944, when he bruised his knee. There was an attending physician's report filed January 3, 1945, and the employer's first notice of injury filed June 7, 1945, making a report substantially in the form contained in the notice of injury filed by the respondent. Report of initial payment of compensation was filed June 7, 1945, showing payments in the total sum of $306 for temporary total disability.

Thereafter proceedings were commenced to determine the extent of disability, after which the award was made which is in part as follows:

"That on December 18, 1944, the claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to the left knee in the nature of a bruise.

"That claimant's wages at the time of said injury were $7.88 per day, fixing his rate of compensation at $18.00 per week; that claimant was temporarily totally disabled from said injury to May 15, 1945, for which period of time he has been paid compensation in the sum of $306.00. . . .

"That as a further result of said injury, claimant has sustained 30 per cent permanent partial disability to the left knee, for which he is entitled to compensation for 52½ weeks at $18.00 per week, or the sum of $945.00 to be paid in a lump sum."

This proceeding is brought to review the award, which was affirmed by the State Industrial Commission on appeal, and the single issue presented is that under the facts and circumstances there was no accidental injury within the meaning of the Workmen's Compensation Law, 85 O. S. 1941 § 1 et seq. Petitioner cites and relies upon the holdings of this court and the rule announced in National Zinc Co. v. Goines, 193 Okla. 460,, 145 P. 2d 183; U. S. Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, and related cases. This evidence discloses without serious conflict that the respondent had been employed by the petitioner since 1943; that any injury received was received in his employment as a coal miner; that during his employment his knee became infected from bruises and that this condition was caused by outside pressure by reason of placing his knee against sharp portions of the coal while loading the same. Dr. Kilpatrick testified for respondent and stated that the injury was the result of trauma. The respondent finally quit work on December 18, 1944, and was operated on by puncturing the region December 27, 1944. His condition was defined by witnesses as one of the worst conditions ever seen. The petitioner made voluntary payments for total temporary disability as above stated. The above cases cited by petitioner announce the rule that the term "accidental injury" is not to be given a limited or restricted meaning but is to be liberally construed in order to effect the intent of the Workmen's Compensation Law, 85 O. S. 1941 § 1 et seq. One of the first cases to announce a definite rule in this respect is Johnson Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814, 90 A.L.R. 616. In Quality Milk Products v. Linde, 159 Okla. 256, 15 P. 2d 58, we stated:

"The adjective 'accidental' is not a technical term but a common one, whose popular usage would not necessarily

mean that the words 'accidental injuries' indicated the existence of an accident, but rather the idea that the injury was either unintended or unexpected. See 25 Harvard Law Review, pp. 338, 342. In the term 'accidental injuries' the substantive 'injuries' expresses the notion of the thing or event i.e. the wrong or damage done to the person; while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A.L.R. 363:"

In Johnson Ref. Co. v. Guthrie, supra, we cited with approval Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. 2d 764, in which an award was sustained where an employee suffered a partial loss of hearing in one ear caused by the noise of an exhaust near the place where the employee was working. In Associated Employers' Reciprocal v. State Industrial Commission, 88 Okla. 249, 212 P. 604, we held that an employee who bruised his right hand in digging a ditch had sustained an accidental injury within the meaning of the Workmen's Compensation Law. In American Maize Products Co. v. Nichiporchik, 108 Ind. A. 502, 29 N. E. 2d 801, the Indiana court held that an employee who had sustained an injury to his hand in riveting steel tanks over a period of time was entitled to compensation, and cited with approval Associated Employers' Reciprocal v. State Industrial Commission, supra. In Lovell v. Williams Bros., Inc., (Mo. App. 1932) 50 S. W. 2d 710, a claimant employed in digging a ditch who sustained an injury by constant use of the right hand was held entitled to an award. Other cases which have applied a similar rule under at least a somewhat similar statute, although the statutes may differ in some respects to ours, are Standard Cabinet Co. v. Landgrave, 76 Ind. A. 593, 132 N. E. 661; Sears-Roebuck & Co. v. Starnes, 160 Tenn. 504, 26 S. W. 2d 128; Coombs v. Industrial Accident Commission, 76 Cal. A. 565, 245 P. 445. See, also, Oklahoma Steel Castings Co. v. Cates, 195 Okla. 646, 163 P. 2d 1013, and cases cited therein.

The physical condition of respondent is due to his work in the coal mine. In this respect it differs from many of the cases decided in that in many of these cases it is claimed that the accidental injury did not occur as a result of the employment or that the disability was not the result of any claimed accidental injury. See McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32 and Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176. There is evidence in the record from which the State Industrial Commission was authorized to believe that a more severe injury occurred by reason of a bruise on or about the 18th day of December, 1944, which finally resulted in the accidental injury and that the disability to the knee is caused thereby. Under all the facts and circumstances, we are of the opinion, and hold, that the evidence reveals an accidental injury to the knee. It is not contested that the disability that resulted from the condition is permanent.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.