326 P.2d 992

Calva H. HARDING, Claimant-Respondent,

v.

IDAHO DEPARTMENT STORE, Employer, and Argonaut Underwriters Insurance Company, Surety, Defendants-Appellants.

No. 8632.

Supreme Court of Idaho.

June 20, 1958.

Wm. M. Smith, Boise, for appellants.

Boyd R. Thomas, Idaho Falls, for respondent.

McQUADE, Justice.

Appellants are appealing from an award made to respondent by the Industrial Accident Board. The facts pertaining to the May 12, 1956, injury were stipulated by the parties, and thereafter adopted by the Board in its award:

"Claimant's duties in her employment, among other things, included the handling of heavy bolts of cloth material, weighing fifteen pounds or thereabouts. On May 12, 1956, the claimant had, among other things, so handled, carried, lifted and placed away heavy bolts of cloth material weighing in the neighborhood of fifteen pounds; at approximately the close of the work day, a customer returned to the store to retrieve a bundle or package of cloth material which had previously been purchased by her, and at that time claimant stooped over, bending to the place where the package had been previously stored, presumably under a counter, and while in such stooped or bent position, experienced a sudden, sharp pain in her low back."

A radiologist, M. K. Heninger, M. D., made a reading of the respondent's X-rays, which were taken on May 13, 1956, and made the following findings:

"The lumbar spine is normal. There may be narrowing of the lumbo-sacral disc. The dorsal spine shows moderate kyphosis and some scoliosis with associated arthritis."

An orthopedist, L. Stanley Sell, M. D., called in as a consultant in the month of December, made the following report to the appellant's surety company:

"This patient is having nerve root symptoms referable to the lumbar area at the present time, which I feel are largely on a postural basis, with this condition being aggravated by the lifting incident as narrated in the history."

The family physician, Alvin E. Harris, M. D., continued conservative treatment from time to time. On or about July 24, 1957, the respondent noted increased symptoms, primarily pain in the back of the left leg with extreme tenderness and some reduction of motion in the low back predominantly on the left side. His diagnosis was acute exacerbation of a herniated intervertebral disc between the fifth lumbar and the first sacral vertebrae. Just before the Board's hearing, the respondent underwent an operation; the herniated disc was identified and removed.

As a matter of law, the Industrial Accident Board found from the stipulated facts that the respondent received a personal injury caused by an accident arising out of and in the course of her employment with the appellant, Idaho Department Store. It is from this finding that an appeal is taken. Appellants contended that no accident occurred and therefore the Board was in error when it made an award. Appellants admit that respondent is suffering from an injury, but deny that it was connected with an accident as defined and compensable under our workmen's compensation statutes.

The applicable portion of the Idaho Code relating to workmen's compensation is as follows:

Idaho Code sec. 72-201: "If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified.

" 'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law. * * *"

Appellant urges strongly and singularly the proposition that there must be cause and effect, and that without an accident

there can be no injury which is compensable under our statutes. The basis for this line of reasoning is that the respondent was doing her usual work in the same manner which she had been for some time, and therefore there was nothing which could be classified as an "accident."

The leading case in Idaho is Pinson v. Minidoka Highway District, 61 Idaho 731, 106 P.2d 1020, 1023. Pinson, a 60-year-old highway worker, was operating a jack hammer when it became stuck. He attempted to remove it, and the strain ruptured a blood vessel in his brain. The Court held this was an accident within the meaning of I.C.A. sec. 43–1001 (the same definition is carried over in I.C. sec. 72–201, supra). The Court said:

"Appellants' remaining contention is * * * that there was no accident because the deceased was doing the work he expected to do and in the manner contemplated; that since it is not an unusual occurrence for a drill to become caught or stuck, there can be no 'accident' in the absence of a fall, a slip, or a stumble on the part of the workman or a breakdown on the part of the machinery operated by him. To constitute an 'accident' it is not necessary that the workman slip or fall or that the machinery fail. An 'accident' occurs in doing what the workman habitually does if any unexpected, undesigned, unlooked-for or untoward event or mishap, connected with or growing out of the employment, takes place. Hieronymus v. Stone's Food Stores, Inc., 60 Idaho 727, 96 P.2d 435; Cook v. Winget, 60 Idaho 561, 94 P.2d 676; In re Larson, 48 Idaho 136, 279 P. 1087; Aldrich v. Dole, 43 Idaho 30, 249 P. 87; McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068. * * *"

The definition of "accident" is further developed, and the question very learnedly disposed of, in Lewis v. Department of Law Enforcement, 79 Idaho 40, 311 P.2d 976, 978. Therein it was said:

"* * * It is unnecessary that the claimant be engaged in some unusual work or that there be a slipping, falling or some sudden or violent accident preceding the injury before it is compensable. If the claimant be engaged in his ordinary, usual work and the strain of such labor becomes sufficient to overcome the resistance of claimant's body and causes an injury, such injury is compensable. And although the claimant was suffering from a pre-existing defect such as an aneurysm, if the strain aggravates and accelerates the condition and causes or contributes to the injury, such injury is compensable." (Citing cases.)

See also Laird v. State Highway Department, 80 Idaho 12, 323 P.2d 1079.

The order of the Industrial Accident Board making an award to the respondent is affirmed.

Costs to respondent.

PORTER and TAYLOR, JJ., and THATCHER, D. J., concur.

KEETON, C. J., concurs in the conclusion reached.