Vernon **T**. YOUNG, Petitioner,

v.

BOB LADY DITCHING AND GRADING
SERVICE, Mid-Continent Casualty Company and the State Industrial Court, Respondents.

No. 38800.

Supreme Court of Oklahoma.

May 10, 1960.

Rehearing Denied June 21, 1960.

Lewis M. Watson, Ada, for petitioner.

Grady H. Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Vernon T. Young, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Bob Lady Ditching and Grading Service he sustained an accidental injury on December 15, 1958, when he injured his knee. The State Industrial Court denied an award and this proceeding is brought against the employer and its insurance carrier, Mid-Continent Casualty Company, hereinafter called respondents, to review the order denying said award.

The record discloses that claimant was an employee of Bob Lady, an individual who operated two business concerns. Employer testified that claimant was the only em-

ployee on whom he made a report under the policy which insured the Bob Lady Ditching and Grading Service. This business dug ditches, did landscaping and sold and planted shrubs and in connection therewith employed several persons. Employer stated that Kifer, Hall and Thurmon were employed by him; that Kifer was a carpenter. The other business was house building. Employer stated that Thurmon was an independent contractor who built septic tanks for $100 per job. Hall worked piecemeal by the hour. Employer operated a greenhouse in connection with the Ditching and Grading Service. While claimant was painting the greenhouse he stooped down while cleaning up after his work and when he stood up he twisted his knee, sustaining an injury which incapacitated him from December 15, 1958, until February 23, 1959.

The State Industrial Court entered an order in part as follows:

"That claimant did not sustain an accident arising out of and in the course of his employment with respondent within the purview of the Workmen's Compensation Act.

"That claimant was the sole and only employee of the respondent at the time of the alleged accident by reason of which the Commission is without jurisdiction."

Respondents do not deny that claimant twisted his knee in the manner stated. In the brief of respondents it is stated:

"Claimant filed claim for compensation on March 9, 1959. On the date of the alleged accidental injury (December 15, 1959 (sic) claimant had been painting. While cleaning up, preparatory to quitting, claimant 'squatted down' to replace a lid on a paint bucket. In straightening up he twisted his knee and ruptured a cartilage. The employer had knowledge of the injury and claimant was taken to a physician. At a later date he received surgical treatment, and subsequently was discharged as able to return to work,

with no permanent partial disability resulting from such injury."

Respondents now deny there was an accidental injury within the meaning of the Workmen's Compensation Act. 85 O.S. 1951 §§ 1 and 2. We do not agree. Claimant went to Dr. G who operated his knee. Respondents introduced the report of Dr. G which in part is as follows:

"It is my opinion that this man has sustained no permanent disability as a result of the injury. He was temporarily totally disabled from the date of injury, 12–15–58 to 2–23–59, although I believe that for the early part of this period he continued to receive some pay from his employer."

■ Under the rule announced in: Atlas Coal Corporation v. Scales, 198 Okl. 658, 185 P.2d 177; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; and Phillips Pipe Line Co. v. Brown, Okl., 301 P.2d 689, this constituted · an accidental injury arising out of and in the course of the employment. The finding therefore that claimant did not sustain an accidental injury is not supported by any competent evidence.

■ We also hold the State Industrial Court erred in finding claimant was the sole employee of employer. The testimony of Bob Lady is that claimant, Hall and Thurmon worked for the Bob Lady Ditching and Grading Service. If we assume the State Industrial Court found that because Kifer was a carpenter he was employed by the employer in the house building business; and that by the simple statement that Thurmon was an independent contractor, this was so established, still this leaves Hall and claimant admitted employees of the Ditching and Grading Service. We are of the opinion that the Industrial Court erred in holding the report made to the insurer was controlling. This is not a case governed by National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916, involving estoppel under the Workmen's Compensation Act. If the employment is hazardous and the employer has two employees the employer is liable under the Workmen's

Compensation Act for any disability due to an accidental injury arising out of and in the course of the employment. Since it is admitted that insurer had a contract covering the employer insurer is liable to any employee who sustains an accidental injury arising out of and in the course of the employment during the term of the contract of insurance.

■ Since the order of the State Industrial Court must be vacated, in remanding the cause we point out that the report of Dr. G is vague and indefinite in that it does not state that the temporary disability resulted from the accidental injury.

The cause is remanded to the State Industrial Court with directions to vacate the order denying the award and proceed in accordance with the views herein expressed.

WILLIAMS, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

DAVISON, C. J., and JOHNSON, J., concur in result.

WELCH, J., dissents.