LILLIE PISKO, RESPONDENT-PETITIONER, v. LOUIS NEL-
SON, PROSECUTOR-DEFENDANT.

Submitted October 16, 1925—Decided February 5, 1926—Filed
March 2, 1926.

Workmen's Compensation—Injury to Employe, a Canvasser and
Solicitor, was Driving a Horse Which Became Unmanage-
able—Employe was Suffering From Ailments Which Were
Aggravated by the Accident, Resulting in Death—Held,
Death Resulted From Injury Received During the Course of
Employment—Award of Counsel Fee Not Excessive.

On writ of *certiorari* to the judge of the Court of Com-
mon Pleas of Camden county.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the respondent-petitioner, *Joseph Varbalow*.

For the prosecutor-defendant, *Bleakly, Stockwell & Bur-
ling*.

PER CURIAM.

This case was before us on a writ of *certiorari* directed to
the judge of the Court of Common Pleas of the county of
Camden. The writ bring up for review the judgment of the
Camden County Court of Common Pleas in a workmen's
compensation case.

The record discloses that for some time prior to Septem-
ber 16th, 1919, Daniel Pisko was employed by one Louis
Nelson as a canvasser or solicitor. Nelson conducted a
house furnishing establishment. Pisko solicited orders. In
order to obtain orders Pisko hired a horse and wagon, which
he drove from place to place in the discharge of his duties.
On September 16, 1919, while in the wagon, the horse be-
came unmanageable and ran away. In its flight it struck a
coal wagon. Pisko had a passenger in the wagon with him.

As a result of the collision Pisko was injured. He was either thrown from the wagon or else the contact between the wagon which he was driving and the coal wagon injured him. He was taken to the Cooper Hospital in Camden. He there received treatment. He was able to go to his home. He was confined to his home continuously from September 16th, 1919, to November 12th, 1919. On the latter date he died. He left a widow, Lillie Pisko, and five children, between the ages of three and seventeen. The widow filed a petition for compensation with the workmen's compensation bureau. Upon this petition a hearing was held by the referee. The determination of facts made by the referee held that the accident arose out of and in the course of the employment of Pisko by Nelson; that the death of Pisko was the result of the accident. Compensation was awarded. Nelson then appealed to the Camden County Court of Common Pleas. This court heard the case *de novo,* and not upon the record taken before the workmen's compensation bureau. The testimony taken in the Common Pleas Court showed that Pisko had had, prior to the accident, heart trouble. The heart disease from which he suffered was known as nitro-valvular regurgitation. He also had hypertrophied liver. He had, however, been working regularly prior to the accident. There was medical testimony to the effect that the accident had aggravated the heart trouble, and this aggravation caused his death. It was upon this evidence that the determinatoin mentioned was made by the referee of the workmen's compensation bureau.

In the opinion rendered in the Court of Common Pleas the court held to the same effect as did the workmen's compensation bureau. A judgment was rendered for the compensation fixed by the workmen's compensation bureau, with interest. A counsel fee of $500 was awarded to the attorney for the petitioner, which included the fee allowed by the referee. A writ of *certiorari* was then applied for by Nelson. It was allowed. The case is, as previously stated, before us under this writ of *certiorari.*

The prosecutor's first point is that the Court of Common Pleas was without jurisdiction to entertain the appeal, because it did not appear from the evidence that the death of Pisko arose in the course of his employment, or was due to an injury received in the course of his employment. Upon examination of the evidence we have reached the conclusion that this point is not well taken. The testimony fully sustains the contention that the decedent was at the time of the accident in the service of his employer, and that the injury from which death resulted arose out of and in the course of such employment.

The next point argued by the prosecutor is that it does not appear from the evidence that Pisko sustained an injury by accident at the time and place alleged in the petition. We think this contention unsupported in fact. The evidence fully justified the conclusions reached by both the workmen's compensation bureau and the Camden County Court of Common Pleas in this respect. While it was true that Pisko suffered prior to the accident from the ailments mentioned above, yet there was medical testimony offered to the effect that the accident had aggravated the pre-existing heart trouble of Pisko, and that his death had been accelerated by the accident. In other words, the accident produced his death at the time which it occurred. It is well settled that where a person has an ailment, yet, by reason of an accident, the ailment is so aggravated as to cause death; that the death is the result of the accident. It is also well settled that where there is testimony to support a finding of fact that such finding will not be disturbed by this court. *Kauffield* v. *Pfund*, 97 *N. J. L.* 335.

The prosecutor complains that the amount allowed as a counsel fee to the counsel for the petitioner is excessive. This amount is $500. There have been two trials of this case. It has been what might be termed a "warmly contested case." There was much medical testimony adduced. This required preparation on the part of counsel. The litigation has extended for upwards of five years. The attitude of the prosecutor made this necessary. Under the circum-

stances, we feel that the amount of $500 awarded by the Camden County Court of Common Pleas was not excessive. The judgment of the Court of Common Pleas is accordingly affirmed.