THE O'GARA COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY DODD, Defendant in Error.)

*Opinion filed February 18, 1926.*

1. WORKMEN'S COMPENSATION—*when employee is entitled to compensation although his weak physical condition contributed to injury.* It is not necessary that the employee be in perfect health and physical condition prior to an accident to entitle him to compensation, and compensation is payable for a hernia received in the course of employment although there is evidence the injury was partially the result of a prior operation for gallstones, which left the abdominal wall weak where the incision was made.

2. SAME—*what necessary to justify award for permanent total incapacity.* To justify an award for permanent total incapacity the applicant must show not only that he has been injured and is entitled to compensation for such injury, but he must also show by evidence that his injury will be reasonably certain to leave him permanently totally incapacitated from pursuing his usual and customary line of employment.

3. SAME—*when evidence does not sustain award for permanent total incapacity.* An award for permanent total incapacity due to a hernia received by the applicant in the course of his employment in a coal mine is not justified where the evidence fails to show that it is reasonably certain that the employee will be permanently totally incapacitated, the evidence merely showing that it is reasonably certain that a permanent partial incapacity will result unless the hernia is reduced by an operation.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

MILEY & COMBE, for plaintiff in error.

A. W. KERR, and JAMES B. LEWIS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Henry Dodd, filed his claim for compensation under the Workmen's Compensation act for permanent and complete disability on account of an acci-

dental injury received in the mine of plaintiff in error while lifting. The arbitrator who heard the case found that the condition of the applicant was not the result of an accidental injury. The Industrial Commission found that the applicant had received an accidental injury in the course of and arising out of his employment, and awarded him compensation for 250 weeks at $17 per week and a life pension for total permanent incapacity to work. Upon review the circuit court entered a judgment affirming the award of the commission, and the record is now before us for review upon writ of error.

The applicant, Dodd, on March 14, 1923, was operated upon for the removal of gallstones and an incision was made through the right rectus muscle, the facia and peritoneum. After the operation was performed a tube was inserted for drainage and the incision around the tube closed. After the removal of the tube the place where it had been inserted was left open. On June 23, 1923, Dodd was examined by the operating physician, who found the wound apparently firm and told Dodd that he was able to go to work, but that "for his own special benefit he had better get light work for a while;" that he was able to do light work, where he would not have to do any heavy lifting. On June 26, 1923, Dodd went to work as a loader of coal in the mine of plaintiff in error and loaded seven or eight cars of coal. A car weighing about 900 pounds got off the track, and while Dodd was lifting the car to replace it on the track he strained his side at the place of the incision made at the time of the operation, resulting in a post-operative hernia. He went to a physician on the same or the following day, who found that the facia had been separated, causing an opening larger than the old incision for the drainage tube. The evidence shows that the post-operative hernia occurred because the muscles in that place had been weakened by the gallstone operation, and that that part had not regained its normal condition and was therefore

more likely to give way than if the operation had not been performed. The doctor testified that in his opinion the lifting on June 26 would not have caused the hernia if the incision through the rectus muscle had not been made and the operation for gallstones performed.

It is contended by plaintiff in error that the disability in this case did not arise out of the employment, and that the origin of the accident, under the evidence, was defendant in error's physical condition and not the lifting of a heavy object. It is not necessary that a laborer should be in perfect health and physical condition prior to an accident to entitle him to compensation for the accident which he receives in the course of and arising out of his employment. Although he may have had an injury and a pre-existing physical weakness which reduces his ability to work below that of a normal, uninjured man, and be thereby more susceptible to injury, yet if he is able to do some work and is employed and in the course of his employment receives an injury arising out of the employment which renders him totally and permanently disabled from performing physical labor, he is entitled to an award for such total permanent disability notwithstanding the former injury and weakness. Defendant in error was employed. He received an injury in the course of his employment and arising out of it, and was entitled to compensation notwithstanding the fact that a former operation was a contributing cause.

It is contended by plaintiff in error that there is no basis in the evidence to sustain an award for total permanent disability and a pension for life. The post-operative hernia resulting from the accident had not been reduced at the time of the hearing. Defendant in error testified as to his physical condition that he had not been able to work since the accident; that he had only tried to do so at home; that he had tried to work some; that he had helped do some work for his son, building a garage; that he could hardly lift; that he tried to saw; that he could work just a little

bit; that he got out of wind and his side hurt; that it hurts all the time under his ribs; that his kidneys hurt him; that the place where he was operated on seemed like a rock or something was pressing against his side; that he helped his wife peel apples but couldn't get along because his side hurt him; that when he lifts it hurts his back and ribs; that he is able to carry in a full bucket of coal and go up-stairs with it; that he is not able to perform any work in the mine; that he believes he could do light work that wouldn't have any lifting to it or stooping down to the ground.

The doctor who treated the defendant in error testified that in his opinion he was not able to perform manual labor without some discomfort or pain; that the only sure cure to reduce this hernia was an operation, and until he had an operation he would not be able to perform manual labor, such as loading, as he had done before. Another doctor who had examined defendant in error on two different occasions and obtained a history of the injury from him, testified that in his opinion he had an ordinary post-operative hernia, which happens in a very considerable percentage of cases where an operation has been performed and there has been drainage through the abdominal wall for a considerable length of time; that the injury hastened it; that it would have occurred by the normal pressure of the abdominal contents from the inside out, gradually stretching the scar tissue, and that the hernia would keep on getting larger.

To justify an award for permanent total incapacity the applicant must show not only that he has been injured and is entitled to compensation for such injury, but he must also show by evidence that his injury will be reasonably certain to leave him permanently totally incapacitated from pursuing his usual and customary line of employment, and thereby be reasonably certain to permanently prevent his earning as much as he would have earned had he not been injured. While the evidence in this case tends to show that it is reasonably certain that defendant in error will be par-

tially permanently incapacitated by reason of the hernia unless it is reduced by an operation, the evidence in the case fails to show that it is reasonably certain that he will be permanently totally incapacitated. There is therefore in the record no basis for an award for permanent total disability and a pension for life.

The judgment of the circuit court will be reversed and the cause remanded, with directions to set aside the award and remand the cause to the Industrial Commission for a further hearing.

*Reversed and remanded, with directions.*