THE GOLCONDA PORTLAND CEMENT COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM RILEY, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*when, only, is award for permanent total disability justified—burden of proof.* An award for permanent total disability and a pension for life is justified only in case the employee is rendered wholly and permanently incapable of work as a result of the injury of which complaint is made, and the burden is on the applicant to establish by competent evidence the legitimate conclusion that the accidental injury produced total and permanent disability.

2. SAME—*when award for permanent total disability for hernia is not justified.* An award for permanent total disability and a pension for life on account of a hernia received in the course of employment is not justified where the evidence fails to show that it is reasonably certain that the employee will be permanently totally incapacitated, the weight of the evidence showing only that he will be partially permanently incapacitated by reason of the hernia unless it is reduced by an operation.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. D. T. HARTWELL, Judge, presiding.

W. L. KRONE, for plaintiff in error.

D. F. RUMSEY, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

April 27, 1923, William Riley, an employee of plaintiff in error, while carrying a heavy timber sustained a straining injury which he claims is a double inguinal hernia. He filed a claim for compensation under the Workmen's Compensation act, and it was heard by an arbitrator September 11, 1923, and an award entered for 416 weeks' pay at $10.50 per week for temporary total incapacity to work. On review before the Industrial Commission this award

was set aside and an award entered in lieu thereof for $10.53 a week for a period of 320 weeks and thereafter a pension for life at the rate of $22.46½ per month, upon the ground that the injury sustained resulted in complete and permanent disability to work. The case was heard on *certiorari* by the circuit court of Pope county on October 9, 1924, and on October 12, 1925, an order entered confirming the award of the commission.

It is contended by plaintiff in error that the evidence does not sustain the award. That Riley had at some time sustained a rupture on at least one side is unquestioned. There is a dispute in the evidence as to whether or not he was ruptured on both sides and as to whether or not he was ruptured prior to the time of the accident. Riley testified before the arbitrator that since the accident he had been suffering so that he could not stoop or bend much and that about all he could do was just sit around; that from the time of the accident he had not done any work; that he could not pick up anything and raise it like he could before he was injured. On cross-examination he testified that he had worked a little for wages since April 27, 1923; that he had driven a team but that someone else did the loading and unloading, and that was all the work he could do; that he drove a team a couple of days and at other times made delivery of goods where he would not be out more than an hour or so at a time; that he walks with a cane; that he walks in the house without it, but that if he does much walking he has to take it; that he told the doctor that he did not like to have an operation, but that if he knew it would cure him he would have it.

There is a dispute between the parties as to whether or not Riley refused to have an examination or operation. A doctor testified that he had treated Riley for an injury about the first of May, 1923, and found him suffering with a double hernia and that in his opinion the injury was recent, basing his opinion upon the patient's history; that the

hernia was not protruded into the scrotal sac. This doctor testified that Riley could not stand up and could hardly walk; that he did not seem to be able to sit down with comfort. These conclusions were based upon subjective symptoms. This witness testified further that he visited Riley once and had him at the office a number of times; that he did not know how he came to the office; that if a man has a properly fitted truss and the hernia is held back he can do hard work; that it depends upon the individual.

Another physician testified that Riley came to his office on May 24, 1923, for an examination, and witness thought that if Riley had a properly fitted truss he ought to be able to work in a reasonable time; that he found him to be suffering from an inguinal hernia on the right side; that Riley complained of some distress on the opposite side, but that the examination at that time did not disclose anything there and he could not determine any injury on that side; that he had a small rupture not distended down into the scrotum on the right side at all; that it was not a strangulated hernia; that the opening in the wall was about one-half or three-fourths of an inch and the sac was something like one-half or three-fourths of an inch in diameter; that there was a little protrusion; that Riley was limping some but that he did not seem to be suffering particularly.

Before the commission on review a witness testified that Riley had hauled coal for him several times after the accident and did as much hauling as the witness had to do; that the work comprised loading and unloading coal and driving a team; that he could not haul as much as other men; that he would haul four loads while others would haul six or eight; that he hauled other things for the witness and sometimes cleaned up around the place; that he knew of Riley's trimming trees and hauling the brush away from a neighbor's residence; that Riley worked for the brother of the witness, hauling coal, sand and gravel; that he worked by himself part of the time and

sometimes he had someone help him.   Another witness testified that since the accident Riley worked for him hauling manure, wood and timber; that he never worked all day for witness; that he would haul a load or two a day, one day hauling about four loads of manure; that that was all witness had to haul; that Riley made an application for a position as chief of police of the city of Golconda and that he made application for a position as janitor of the school house there.   The testimony of these witnesses was not disputed by Riley, who did not testify before the commission.

An award for permanent total disability and a pension for life is justified only in case the employee is rendered wholly and permanently incapable of work as a result of the injury of which complaint is made, and the burden is upon the applicant to establish, by competent evidence, the legitimate conclusion that the accidental injury produced total and permanent disability.   (*Mt. Olive Coal Co.* v. *Industrial Com.* 320 Ill. 618.)   While the evidence in this case tends to show that it is reasonably certain that defendant in error will be partially permanently incapacitated by reason of the hernia unless it is reduced by an operation, the evidence in the case fails to show that it is reasonably certain that he will be permanently totally incapacitated. There is therefore in the record no basis for an award for permanent total disability and a pension for life.   *O'Gara Coal Co.* v. *Industrial Com.* 320 Ill. 191; *Old Ben Coal Corp.* v. *Industrial Com.* 320 id. 230.

The judgment of the circuit court will be reversed and the cause remanded, with directions to set aside the award and remand the cause to the Industrial Commission for a further hearing.

*Reversed and remanded, with directions.*