The single question herein presented is whether the following quoted provisions of the will of Mathaus William Myers, deceased, vested a fee or merely a life estate in his widow, in the event of her failure to remarry.
"Second. I give, bequeath and devise unto my beloved wife Marie Myers, all my property, both real and personal, wheresoever situate; provided, however, that in case she should remarry after my death, then such property as aforesaid possessed by me shall be so divided that she may receive her third part of said property to law, and no more, and all the residue and remainder of my said property, both real and personal, I devise and bequeath unto my son Mathias William Myers.
"Third. After the death of my said wife, Marie Myers, it is my wish, and I so order, that the whole of my estate, both real and personal, shall descend unto my son Mathias William Myers."
Testamentary provisions of this nature are controlled by certain accepted rules of construction which remove them from the field of doubt.
Where the devise in the first instance is in general terms without defining or limiting any specific estate, a life estate results by implication in the absence of other controlling circumstances. Downey v. Borden, 36 N.J. Law 460; Groves v.Cox, 40 N.J. Law 40, 43. *Page 310 
The statutory modification of this rule of construction by section 36 of our statute of wills (4 Comp. Stat. p. 5873), which statute declares that a fee may result from a gift of that nature, extends only to instances in which no expressions are contained in the will whereby it shall appear that such devise was intended to convey only an estate for life, and no devise over is made after the death of the first devisee.
An exception to this general rule of construction is to be found in cases in which such a devisee is given a power of disposal without restriction as to the mode of execution, and also in cases in which a charge is made upon the person of the devisee or on the quantum of the interest so devised. Downey
v. Borden, supra; Tuerk v. Schueler, 71 N.J. Law 331; Groves
v. Cox, supra; Brooks v. Kip, 54 N.J. Eq. 462. But no such power of disposal is conferred or charge created by the devise here in question.
It follows that the widow enjoys a life estate only. The same rules of construction obtain whether the gifts are of real estate or personal property. Gaston v. Ford, 99 N.J. Eq. 592.