This proceeding is here for review on appeal from a judgment of the district court of the eighth judicial district affirming an order of the Industrial Accident Board denying compensation to Bergette Larson, widow of Andrew Larson. Deceased was in the employ of the Blackwell Lumber Company at, and for some four years prior to, his death. The court found, among others, substantially the following facts: That on April 19, 1927, shortly after noon, the deceased, as a part of his regular work, was helping to place certain tackle, consisting of a triple and double block and about 300 feet of rope, into a wagon; that the triple block weighed about 110 pounds, the double block about 80 pounds; that the deceased and one of his colaborers lifted the triple block for the purpose of placing it on top of the rope in the wagon, when it was found that the tackle had been loosened from the railroad; that the colaborer and deceased then leaned the triple block against a board and deceased held it there until the colaborer got on the wagon; that the deceased then got underneath for the purpose of putting a bolt in the block; that when the deceased came out from underneath he leaned against a timber and explained that he could not get the burr on the bolt because he had a pain in his chest; that after leaning against said timber a short time the deceased left his place of employment and walked to his home, a distance of about one and one-half miles, and was immediately taken to a physician, who examined him; that the deceased returned to his home shortly after 5 o'clock, sat around the house with his hand over his face, suffering with severe pain in his chest; that he went to bed that night about *Page 140 
9:30 o'clock and at 1 o'clock the next morning his wife called a physician, who upon arrival found the deceased completely unconscious, in which condition he remained for about an hour and a half, after which he partly recovered consciousness; that later he lapsed into unconsciousness, the pupils of his eyes being distended unequally, in which condition he remained until he died, about the hour of 10 o'clock on the morning of April 21, 1927; that prior to April 19, 1927, the deceased had been suffering with a dissecting aneurism of the aorta and vegetation had formed on the aortic valve; that on said April 19, 1927, at the time he felt the pain in his chest while attempting to put the burr on the bolt, the dissection of thewall of the aorta spread farther than it had been; that after the deceased went to bed on the evening of April 19, 1927, a cerebral embolism formed and blood seeped from the aneurism into the pericardium, forming a hemopericardium from which he died on April 21, 1927; that the death of the deceased was not the result of a personal injury by accident arising out of and in the course of his employment with the defendant Blackwell Lumber Company.
Appellants specify 24 assignments of error. We do not deem it necessary to set out in haec verba these assignments, and will discuss only such as we deem important to a proper determination of the questions before us.
Attention is called by respondents to the amendments made to the Workmen's Compensation Act by Sess. Laws 1927, chap. 106, p. 136 et seq. The alleged accident in this case occurred April 19, 1927, and the deceased died April 21, 1927. The amendments as contained in the Session Laws of 1927 were approved March 2, 1927, and were in force on the date of the alleged accident and death.
Under the amendments of 1927, respondents contend that to authorize compensation for an injury there must be an accident, that is, a "slipping, falling or unexpected happening outside of and disconnected with the personal injury"; that "personal injury" is not synonymous with "accident," and under the facts as found by the board there was no *Page 141 
accident which caused or contributed to the alleged personal injury from which deceased died. C. S., sec. 6323, is as follows:
" 'Injury' or 'personal injury' includes death resulting from injury within two years."
As amended by the Session Laws of 1927, p. 148, the section reads:
" 'Injury' or 'personal injury' includes death resulting from injury within two years after the accident but is not to be construed as being synonymous with accident. An 'injury' or 'personal injury' to be compensable must be the result of an accident."
Under the facts as found in this case there was no accidental slipping or falling preceding the alleged injury, but there was an unexpected happening which caused the death of the deceased.
In McNeil v. Panhandle Lumber Co., 34 Idaho 773,203 Pac. 1068, it is said the word "accident" as used in the compensation act is to be understood in the "ordinary sense of the word as denoting an unlooked-for mishap or an untoward event which is not expected or designed." In Aldrich v. Dole,43 Idaho 30, 249 P. 87, with apparent approval this court quoted from Carroll v. Industrial Com., 69 Colo. 473, 19 A.L.R. 107, 195 P. 1097, as follows:
"Since the case of Fenton v. Thorley, nothing more is required than that the harm that the plaintiff has sustained shall be unexpected. . . . . It is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether an injury is unexpected, and so, if received on a single occasion, occurs 'by accident,' is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing."
And from Glasgow Coal Co. v. Welsh, 9 B. W. C. C. 371, as follows:
"The learned counsel for appellants argue that, in order to satisfy the act, there must be some distinct event or occurrence which, taken by itself, can be recognized as an *Page 142 
accident, and then that the injury must be shown to have followed as a consequence from that specific event. But this is just the argument that was rejected in Fenton v. Thorley,supra. It is unnecessary to say more; but I venture to add that the argument seems to me to rest upon a misread ing of the statute, which can only have arisen from a failure to give an exact attention to the actual words. The statute does not speak of an accident as a separate and distinct thing to be considered apart from its consequences, but the words 'by accident' are introduced, as Lord Macnaghten says, parenthetically to qualify the word 'injury.' "
If respondents' contention is correct, and the amendments of 1927 are to be construed as denying compensation in all cases where a workman sustains an injury that is not preceded by slipping or falling or some like violent happening, no injury to a workman is compensable or can be regarded as an accidental injury in the absence of proof of a preceding slipping, falling or some sudden or violent accident. This construction, to our minds, is too technical and is not in keeping with the liberality of construction to be accorded to the law. As was said in McNeil v. Panhandle Lumber Co., supra:
"To so hold (that exact date of accident must be identified) would be to misconstrue the humane provisions of this law, whose purpose is declared by the legislature to be to provide sure relief for injured workmen and their families and dependents. (C. S., sec. 6214.) The workmen's compensation law, like other laws of this state, is to be liberally construed with a view to effect its object and promote justice. (C. S., sec. 9444; Fidelity Casualty Co. of N.Y. v. Industrial Acc.Com., 177 Cal. 614, 171 P. 429, 430, L.R.A. 1918F, 856.)"
Appellants seek to predicate error upon the action of the court in finding that prior to July 19, 1927, deceased had been suffering with a dissecting aneurism of the aorta. The autopsy disclosed pre-existing latent physical defects, the inference being fairly deducible from the facts that neither the employer nor the deceased had knowledge of these latent *Page 143 
physical defects. The deceased was employed by the Lumber Company covering a period of four years as a carpenter, and performed other general laborious work, doing all that he was required to do and for which he was employed, and he experienced no ailments of a physical nature. Conceding the pre-existence of all the latent defects found by the court, the question therefore arises: Is it necessary that a laborer should be in perfect health and physical condition prior to an accident to entitle him to compensation? While there are authorities to the contrary, the weight of authority and the better reasoned cases lay down the rule that although a laborer may have had an injury or a pre-existing physical weakness which reduces his ability to work below that of a normal man, and be thereby more susceptible to injury, yet if he is able to do some work and is employed, and in the course of his employment receives an injury, he is entitled to an award notwithstanding the former injury. (McNeil v. Panhandle LumberCo., supra; Madden's Case, 222 Mass. 487, 111 N.E. 379, L.R.A. 1916D, 1000; O'Gara v. Industrial Com., 320 Ill. 191,150 N.E. 640; Pace v. North Dakota, 51 N.D. 815, 201 N.W. 351;Crowley v. City of Lowell, 223 Mass. 288, 111 N.E. 787; Knockv. Industrial Acc. Com., 200 Cal. 456, 253 P. 714; Beck Min.Co. v. State, 88 Okl. 34, 28 A.L.R. 197, 211 P. 69; Colev. Department of Labor and Industries, 137 Wn. 538,243 Pac. 7; Pisko v. Nelson, 4 N.J. Misc. 154, 132 Atl. 301; StandardCoal Co. v. Industrial Com., (Utah) 252 P. 292; In reBrightman, 220 Mass. 17, 107 N.E. 527, L.R.A. 1916A, 321; Inre McAuliff, 7 N.C.C.A. 654; Indian Creek Coal Co. v.Calvert, 68 Ind. App. 474, 119 N.E. 519, 120 N.E. 709; Winterv. Atkinson Frizelle Co., 37 N.J.L. 195, 10 N.C.C.A. 756-777, 8 N.C.C.A. 102, 7 N.C.C.A. 646; McArdle v. SwanseaHarbour Trust, 8 B W. C. C. 489, 11 N.C.C.A. 175.) Our statute prescribes no standard of fitness, makes no distinction between the sound and the unsound, which being true, compensation under the act is not based on an implied warranty of perfect health or immunity from latent or unknown tendencies to disease. If *Page 144 
the laborer has received personal injury by accident arising out of and in the course of his employment, except in cases of hernia (not here pertinent), his employer or surety shall pay compensation. (C. S., sec. 6217; McNeil v. Panhandle LumberCo., supra; Madden's Case, supra; Crowley v. City of Lowell,supra.)
The court found that on April 19, 1927, at the time deceased felt the pain in his chest while attempting to put the burr on the bolt, the dissection of the wall of the aorta spread farther than it had been. In other words, the court found that the deceased had a dissection of the wall of the aorta, and that when he was stricken with the pain in his chest the dissection of the wall of the aorta spread farther. No other logical conclusion can be reached than that the spreading farther of the dissection of the wall of the aorta occurred as a result of the attempt of the deceased to put the burr on the bolt. The situation is surrounded with some difficulty, but under a liberal construction of the workmen's compensation act as applied to the evidence we feel justified in reaching this conclusion. The evidence shows without dispute that deceased had been lifting, that the pain in his chest was simultaneous with his attempt to put the burr on the bolt, and that the strain deceased was subjected to caused the happening of the unforeseen event, namely, the dissection of the wall of the aorta spreading farther. Deceased was unable to complete what he attempted to do, in the course of his employment. What he attempted to do, if it did not cause the aneurism, accelerated or aggravated it, and was an accidental injury. (See authorities cited, supra.)
Respondents urge that the findings made by the Industrial Accident Board and the district court are final and conclusive upon this court since there is evidence to support such findings. As was said in Ybaibarriaga v. Farmer, 39 Idaho 361,368, 228 P. 227:
"The well-settled rule that forbids this court to reverse a trial court in cases where the evidence is conflicting but sufficient to sustain a decision applies to the findings of *Page 145 
fact made by the industrial accident board in cases of this kind, and is applicable likewise to the district court in reviewing the decisions of said board, the jurisdiction of said courts in such cases being limited to a review of questions of law. . . . . The findings of fact of the industrial accident board, when supported by competent evidence, are conclusive on appeal to the district court or to this court, the jurisdiction of said courts being limited to a review of questions of law.
"In reviewing hearings before the industrial accident board upon the question as to whether the evidence submitted sustains the findings of the board, the courts will consider the competency, relevancy and materiality of the evidence according to the rules applicable to trials in courts.
"In Taylor v. Blackwell Lumber Co., 37 Idaho 707,218 Pac. 355, this court held 'in view of the conflict of evidence, and the fact that there is substantial evidence to sustain the findings of the board, this court will not disturb them.' "
It may well be said, in view of C. S., sec. 6270, and the foregoing authorities as well as possibly others, the courts are limited to review of questions of law, the application of the law to undisputed facts, whether or not the evidence sustains the findings of the board, and are empowered to consider the competency, relevancy and materiality of the evidence, and to determine whether or not there is a substantial conflict in the evidence. There must be competent and substantial evidence to support the findings of the board and the district court, and if such findings and decision are clearly unsupported as a matter of law, it is within the province of this court to set aside said findings and decision. (In re Hillhouse's Estate, 46 Idaho 730, 271 P. 459.) If, therefore, in the case at bar the evidence is conflicting but sufficient to sustain the findings of fact made by the board and the district court, the judgment must be affirmed, and in determining the sufficiency of the evidence, its relevancy, competency and materiality will be considered and passed on. *Page 146 
The evidence is not seriously in dispute; neither do we think, after a fair and careful analysis of the expert testimony, that the cause of the death of the deceased is in dispute. While his death may have been brought about as a result of the aneurism "spreading farther than it had been before," or may have resulted from vegetation breaking away from an aneurism, entering the blood stream and causing a cerebral embolism, either or both of these conditions occurred and were occasioned by reason of the work being done by deceased and the strain, however slight, incident thereto; an unexpected or untoward event. The expert for respondents testified:
"Now, this man lifted, and probably at that time tore a weak point in a diseased aorta, produced a dissecting aneurism, which later broke into the pericardial sac, of which that is a tab. . . ."
When asked if exertion would not accelerate the aneurism more than normal activity, the witness answered in the affirmative. He further testified:
"And the pain at that time was probably due to the fact that the dissecting aneurism dissected a little farther at that time. Because when he lifted he complained of a stinging pain in the upper part of his chest, which ran upward. We know that to be a typical aortic pain, and the pain occurred when the blood dissected the two walls more, that is, the stinging pain."
It therefore seems clear that as a result of the work being performed by the deceased the latent physical defect, the aneurism, was accelerated or aggravated and progressed farther, causing death. The strain may not have been unusual, and even slight, but if it caused the death of the deceased it was an accident that is compensable. (Pace v. North Dakota, supra;Knock v. Industrial Acc. Com., supra; Patrick v. J. B. Ham Co.,119 Me. 510, 111 Atl. 912, 13 A.L.R. 427; Peoria Ry. Co. v.Industrial Acc. Board, 279 Ill. 352, 116 N.E. 651; Pisko v.Nelson, 4 N.J. Misc. 154, 132 Atl. 301; Smith v. PrimroseTapestry Co., 285 Pa. 145, *Page 147 131 Atl. 703; Cole v. Department of Labor and Industries,supra.)
We have reached the conclusion that there is no such conflict in the evidence as to warrant a holding that the findings of the board and the court must be upheld, and we are clearly satisfied that the great weight or preponderance of the evidence is against the findings and the decision, and that there is no substantial evidence to support them. The judgment of the district court is therefore reversed and the cause remanded, with instructions to direct the Industrial Accident Board to make and enter an award in favor of appellants. Costs to appellants.
Givens, T. Bailey Lee and Varian, JJ., concur.
Wm. E. Lee, J., dissents.