(No. 19621.—

THE JACKSONVILLE AND HAVANA RAILROAD COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(C. E. SEBRING, Defendant in Error.)

*Opinion filed October 19, 1929.*

A. D. STEVENS, JAMES M. BARNES, and ELMER NAF-
ZIGER, (STEVENS & HERNDON, of counsel,) for plaintiff in
error.

JOSEPH A. LONDRIGAN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

The circuit court of Sangamon county confirmed an
award of the Industrial Commission in favor of defendant
in error, C. E. Sebring, and against plaintiff in error, the
Jacksonville and Havana Railroad Company, for the sum
of $12.57 a week for a period of 11-1/7 weeks for tempo-
rary total incapacity for work, and $12.57 a week for a
further period of 132 weeks for sixty per cent permanent
loss of use of the left arm, less $160 which had been paid
on account of the injury. The record is now here for re-
view upon writ of error by leave of this court.

On September 11, 1926, C. E. Sebring, while employed
as a brakeman by plaintiff in error, dislocated his left
shoulder when the car upon which he was riding went
through a bridge. That Sebring sustained this injury in
the course of his employment by plaintiff in error, and that
it arose out of such employment is not questioned. After
the accident he was taken to a hospital at Jacksonville, where
a physical examination was made and his shoulder treated
by a physician. On September 14, 1926, he returned to
his home in Springfield and a few days later called another
physician, who treated him at different times during Sep-
tember, October and November and once in December. On
November 29, 1926, Sebring started working for the *Illinois
State Register* as a pilot on one of its rail motor cars and
worked as such pilot until December 23, 1926. On Decem-
ber 25, 1926, he began working as a brakeman and baggage-
man for the Chicago, Springfield and St. Louis Railway
Company, and on January 15, 1927, while working as a
brakeman and baggageman for that company, he bruised his

foot. An infection developed, and as a result thereof he quit work on January 29, 1927. In February, 1927, he sustained an embolism, or paralytic stroke, since which time he has not worked. He testified that he could not lift anything with his left arm.

Four witnesses testified at the hearing before the arbitrator and the commission. Sebring testified in his own behalf and three physicians were called as witnesses by plaintiff in error. Two of the physicians called by plaintiff in error had treated Sebring for his disability, while the third had made a physical examination of him on February 21, 1927. Sebring testified that he was sixty-five years of age. The doctors who treated him testified that he had myocarditis, nephritis, arteriosclerosis and arthritis; that X-rays showed the shoulder in good position, with arthritis around the joint; that the arthritis was in existence before the dislocation of the shoulder; that prior to December 9, 1926, the arm and shoulder gradually improved. These physicians gave it as their opinion that any limitation of motion in Sebring's left arm and shoulder was the result of arthritis and not the result of the dislocation of the shoulder.

An award under the Compensation act must be based upon facts established by evidence fairly tending to prove such disability and the extent or percentage thereof. While there is evidence tending to show that Sebring may be entitled to some compensation for the loss of use of his arm and shoulder as the result of the accident, for which he has not been compensated, there is no evidence in the record that the injury he sustained caused sixty per cent permanent loss of the use of the left arm.

The order of the circuit court sustaining the award of the Industrial Commission must therefore be reversed and the cause remanded, with instructions to the circuit court to remand the cause to the Industrial Commission.

*Reversed and remanded, with directions.*