(No. 20531.—

THE FULLERTON FUEL AND SUPPLY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MATTHIAS REMSCHNEIDER, Defendant in Error.)

*Opinion filed February 18, 1931.*

SANDERS, CHILDS, BOBB & WESCOTT, (DWIGHT S. BOBB, and F. M. HARTMAN, of counsel,) for plaintiff in error.

GEORGE PFIRSHING, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

By leave of this court plaintiff in error, the Fullerton Fuel and Supply Company, has sued out a writ of error to review a judgment of the circuit court of Cook county confirming an award of the Industrial Commission under the Workmen's Compensation act in favor of Matthias Remschneider for total permanent disability, including a pension for life.

The evidence shows that on June 30, 1928, Remschneider, an employee of plaintiff in error, while within the scope and course of his employment, received a severe permanent

injury to his head. The only question here involved is whether the injury is such as to cause total disability. Remschneider testified to his various attempts, after the accident, to do his usual heavy work and some light work, which were futile by reason of dizziness and fainting spells. On cross-examination he admitted that he has a car and since the accident had driven this car once or twice a week, alone, for a half or three-quarters of an hour at a time, and at such times he looked after the car himself; that he did not have to crank the car or stoop over when handling it. Two doctors testified for Remschneider and three for plaintiff in error as to physical examinations made at various times. Without going into the details of their lengthy examinations and cross-examinations, suffice it to say that three of the witnesses gave it as their opinion, based on such physical examinations, that Remschneider at the time of their examinations could do any kind of light work which would not require stooping, and the others gave it as their opinion that he could then resume his usual occupation.

An award under the Compensation act must be based upon facts established by evidence fairly tending to prove the extent or percentage of the disability for which the award is allowed. (*Jacksonville and Havana Railroad Co. v. Industrial Com.* 336 Ill. 350.) An award for permanent total disability is justified only where the employee has been rendered wholly and permanently incapable of work at a gainful occupation as a result of his injury. (*Consolidated Coal Co. v. Industrial Com.* 325 Ill. 424.) While the evidence in this case tends to show that it is reasonably certain that Remschneider will be partially permanently incapacitated, the evidence fails to show that it is reasonably certain that he will be permanently totally incapacitated. There is therefore in the record no basis for an award for permanent total disability and a pension for life. *Golconda Cement Co. v. Industrial Com.* 322 Ill. 364; *O'Gara Coal Co. v. Industrial Com.* 320 id. 191.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to set aside the award and remand the cause to the Industrial Commission for a further hearing.

*Reversed and remanded, with directions.*