BERNSTEIN FURNITURE COMPANY, PROSECUTOR, v. ISABELLA KELLY, RESPONDENT.

Submitted October term, 1934—Decided March 18, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the respondent, *David Roskein* (*John A. Laird,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a workman's compensation case. The question involved is the usual one: Was there a compensable accident within the intendment of the act? The bureau held that there was not. The Essex County Court of Common Pleas (Walter D. VanRiper, Judge) held that there was and reversed the findings of the bureau. Query: Which is right?

The proofs disclosed that the deceased, Water Brooks, was employed by respondent for about six months prior to his death. For the first five months he worked as a porter; the last month he worked as a helper in his employer's warehouse, moving, lifting and delivering furniture.

On August 14th, 1930, a hot day, decedent and another employe (driver of truck) set out to deliver a three-piece set of furniture, consisting of two arm chairs and a settee. The former weighed between ninety-five and one hundred and twenty-five pounds and the latter between two hundred and twenty-five and two hundred and fifty pounds. Upon reaching their destination each carried up a chair to the purchaser's apartment—which was on the fourth floor of the apartment house building—and immediately thereafter they both carried up the settee. It was a difficult task. It

appears that decedent was breathing heavy, *i. e.,* "breathing pretty strong," and was apparently under a strain; "he was winded." When they reached the top floor he gave "what sounded like a deep sigh." They then proceeded to place the settee in the room as directed by the purchaser. Just as the settee was finally placed decedent slumped as though he intended to sit on the window sill. He was eased in his fall, as he slid down to the floor. He did not strike his head or body as he fell because of the aid he received. He was carried out on the porch. A doctor was called, but the employe died without saying a word, before the doctor arrived.

The following day an autopsy was performed. It failed to disclose that the death was in anywise caused as a result of an accident or trauma. As a result of the autopsy it was determined, however, that the cause of death was chronic aortitis (a heart condition of long standing) brought on by syphilis. In other words it was a case of chronic syphilitic aortitis.

The proof for petitioner, who incidentally was decedent's common law wife (they were separated at the time of his death) and mother of his child, disclosed that decedent's heart condition was such that he could, without any exertion, suddenly drop dead; that such death could occur while he was in bed, sitting in a chair or walking, or doing nothing at all. But petitioner's physician also testified that *there was a direct relationship between the work that deceased was doing, the exertion thereof, and his death.* The theory thereof being that even with the diseased condition of the heart and coronary arteries which were furnishing a diminished supply of nourishment thereto, there was, from the supply they did give, a certain reserve power which had to be used up before the heart stopped beating. It was the thought of his doctor that if decedent had not been doing the particular work herein stated that he would not have used up this reserve power at that particular time. Whether decedent would have used it up the next day, or the next week, or two weeks later, he would not say.

Dr. Berardinelli testified for prosecutor, in substance, that the deceased had a very bad heart of long standing—due to syphilis; and that there was nothing to indicate that the death of decedent was caused as a result of any accident or trauma; and that his condition was "possibly" aggravated by the work that he did do.

The bureau, as already stated, concluded that no accident had been proved. The Common Pleas Court, however, held that the deceased did sustain an accident and that the accident arose out of and in the course of decedent's employment by the respondent, prosecutor herein. That the decedent had a bad or chronic heart condition of long standing is not in dispute. The Common Pleas Court further held that, under the proofs of the instant case, the chronic condition of decedent's heart was aggravated by overwork and unusual exertion; that the lifting and carrying of the heavy furniture up the several flights of stairs on a hot August day accelerated and caused his death in this case, while in the work or rather immediately upon the completion of the work he was doing. *Hamilton* v. *Congoleum-Nairn, Inc.,* 6 *N. J. Mis. R.* 399; 145 *Atl. Rep.* 540; *Holzwarth* v. *Hedden, &c., Co.,* 1 *N. J. Mis. R.* 381; *Winter* v. *Atkinson-Frizzelle Co.,* 88 *N. J. L.* 401; 96 *Atl. Rep.* 360; *Voorhees* v. *Schoonmaker,* 86 *N. J. L.* 500; 92 *Atl. Rep.* 280; *Pisko* v. *Nelson,* 4 *N. J. Mis. R.* 154; 132 *Atl. Rep.* 301; *Benjamin* v. *Kurnick,* 5 *N. J. Mis. R.* 1095; 139 *Atl. Rep.* 440.

Strong reliance is placed by the prosecutor on the case of *Standard Water Systems Co.* v. *Ort,* 10 *N. J. Mis. R.* 659; 160 *Atl. Rep.* 523; *reversed,* 110 *N. J. L.* 586; 166 *Atl. Rep.* 335, and the English case of *Kerr* v. *Ritchie,* 1 *S. L. T.* 216. The Court of Errors and Appeals in the Ort case pointed out that there was no proof in the record of that case that the accident occurred while the deceased was at work. This was further emphasized and explained by the same court in the case of *Ford Motor Company* v. *Fernandez,* 114 *N. J. L.* 202; 176 *Atl. Rep.* 152. The statement in the opinion that the weight of testimony indicated that decedent died of "angina pectoris" was characterized as mere *obiter*.

And in the English case of Kerr *v.* Ritchie it was clearly held that there was no evidence in the case that anything "unusual or unexpected" occurred.

The proofs in the instant case, fully support a contrary finding of facts from those which formed the basis for the decision in each of the cited cases. The decedent was working at the time of the accident and the work was of unusual character. From that work came an unusual exertion and that exertion aggravated the then existing ailment of the employe to the extent of causing his death. The death is therefore the result of an accident. *Pisko* v. *Nelson, supra.* A very exhaustive review of the subject is found in the case of *Winter* v. *Frizzelle,* 37 *N. J. L. J.* 195; *affirmed,* 88 *N. J. L.* 401. See, also, 20 *A. L. R.* 36.

In the very recent case of *Hall* v. *Doremus,* 114 *N. J. L.* 47, this court, by Mr. Justice Heher, reviewed the law applicable in determining whether an accident occurred and when an accident becomes compensable. And in that case it was determined, among other things, that it is not essential, under our act, that there be a physical injury before there can be a compensable accident; that "the right to compensation is not determined by the employe's previous condition of health;" that subject to all other prerequisites pointed out in that case there must, of course, be a "causal connection between the injury and a hazard of the employment—between the injury and the conditions under which appellants (employers) required respondent (workman) to render service at which he was employed."

Until such time as it may be provided to the contrary, by proper authority, the beneficent provisions of the act must and shall be extended alike to the weak and sick as well as to the strong and able, so long as those of either class, coming under the provisions of the act, sustain a compensable accident.

The proof is undisputed in the instant case, and this notwithstanding that the decedent was afflicted with a chronic heart condition, that for some time prior to his demise he was engaged in the heavy work of moving, lifting and de-

livering furniture in his employer's warehouse. There certainly is no proof in this case that the decedent looked for, expected or designed the act which resulted in his death. On the contrary the natural inference of the proofs is that it was an unlooked for mishap, an untoward accident not expected and surely not designed. The heat, the weight of the furniture, the difficulty in carrying the furniture up the stairs, justify the conclusion that it was an unusual exertion with the fatal resultant consequences already pointed out.

Our study of the proofs firmly convinces us that the Common Pleas Court reached a correct result and we so find. It will not be disturbed.

The writ is dismissed, with costs.