(No. 4136 )

ELWYN H. TROTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1950.*

L. RICHARD WHITNEY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Elwyn H. Troth, was employed on November 26, 1947, as a highway section man's helper in the Division of Highways. On that day while riding on a truck owned and operated by the Highway Department of the State of Illinois, claimant and another employee stood in the truck to hold two rolls of snow fence when the truck stopped suddenly causing claimant to fall to the pavement. The claimant injured his right side and claims injury to his head, right arm and side. Two or three weeks after the accident claimant was suffering from a hernia which developed on the edge of a scar resulting from an operation for a ruptured appendix. At the time of the appendix operation drains had been placed in the claimant's abdomen because of peritonitis with abscess. On August 17, 1948, an operation was per-

formed on claimant by Dr. E. C. Burhans, assisted by Dr. A. H. Clark, to repair the hernia in question.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act.

The record consists of the complaint filed November 24, 1948, departmental report, transcript of evidence, motion of claimant for a further extension of time in which to file testimony.

Dr. E. C. Burhans made a charge of $150.00 to the claimant for the operation. This amount included fee for assistance by Dr. A. H. Clark. The claimant incurred an additional expense of $122.00 hospital bill and $10.20 drug bill to Sutliff and Case. Following his operation the claimant was paid for the remainder of August and for the month of September, 1948, in the amount of $267.10.

Under Section 8 (d-1) of the Workmen's Compensation Act of Illinois, an injured employee, to be entitled to compensation for hernia, must prove:

1. The hernia was of recent origin;

2. Its appearance was accompanied by pain;

3. That it was immediately preceded by trauma arising out of and in the course of employment;

4. That the hernia did not exist prior to the accident.

In the case of *O'Gara Coal Co.* v. *Industrial Commission*, 320 Ill. 191, the Supreme Court said:

"Post-operative hernia, which appears in a very considerable percentage of cases, where an operation has been performed and there has been drainage through the abdominal wall for a considerable length of time; that the injury hastened it; that it would have occurred by the normal pressure of the abdominal contents from the inside out, gradually stretching the scar tissue; that the hernia would keep on getting larger."

Although claimant did no productive work following

his operation, during the remainder of August and the full month of September, 1948, he was paid full salary in the amount of $267.10.

From the evidence, we must conclude that claimant elected to secure his own physician. Under Section 8, Par. (a) of the Workmen's Compensation Act, this service, under such conditions, necessarily must be at his own expense.

Award denied.

The testimony on the hearing before Commissioner Summers was taken by Emma Bowers, who has submitted a statement for $25.00 for her service. This charge is reasonable and proper.

An award is, therefore, made in favor of Emma Bowers for stenographic and reporting services in the amount of $25.00, which is payable forthwith.