## CAMEO-BLACKSTONE COAL CO. v. HARDY et al.

No. 19969.  Opinion Filed May 21, 1929.

Guy F. Nelson, for petitioner.

The Attorney General, Ralph H. Davis and Anton Koch, for respondents.

BENNETT, C., This cause comes to this court upon petition to review an order of the State Industrial Commission made on November 2, 1928. The order is in favor of M. J. Hardy for the sum of $300 for serious and permanent facial disfigurement, together with the sum of $18 per week for a period of three weeks less five days' waiting period, and for the sum of $39 for 15 days' compensation at the rate of $18 per week, and $40.95 for expenses incurred by claimant incident to an operation and treatment for correction of disfigurement resulting from an injury to said Hardy while employed as a miner by the Cameo-Blackstone Coal Company near Henryetta, Okla., on December 6, 1926.

The record discloses that respondent, Hardy, was injured on the last named date while engaged as a loader for the coal company. A slab of rock six or eight inches thick and several feet square fell from the roof of the shaft on his back and shoulders causing his forehead to come in contact with chunks of coal and his breast was forced down against his knees in such a way as to seriously injure him about the head, neck and chest. There were deep irregular wounds made across the forehead and nose. He was first treated by Dr. Bollinger of Henryetta, who sutured the wounds and gave him necessary medical attention until he was able to return to work. But there remained on his nose, face and forehead disfiguring scars— one ran from above one upper eyelid across to a point above the upper eyelid on the other side of the forehead and was approximately 2½ inches long. There were also scars extending down across the bridge of the nose and others forming V-shaped angle above the line of the eyebrow. Some of the scars were black or blue due to the coal imbedded in the flesh at the time of impact resulting in the injury.

It appears that the Industrial Commission made an award for compensation covering the time of the original disability and perhaps a tentative award of $600 to cover the disfigurement suffered by Hardy, but no order to that effect was entered. Upon a later hearing on November 2, 1928, the Commission made its regular order containing the findings as follows:

"1. That on December 6, 1926, claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent, Cameo-Blackstone Coal Company, while engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, which resulted in claimant's being temporarily totally disabled, and also in his certain serious and permanent disfigurement.

"2. That the average wage of claimant at the time of his injury was $10 per day.

"The Commission further finds that claimant has been paid compensation in full for his temporary total disability.

"The Commission is of the opinion that claimant is entitled to the sum of $300 for serious and permanent disfigurement, together with medical expenses incurred by reason of a recent operation, including the sum of $9.65 expenses to and from Oklahoma City incident to said operation, and the further sum of $54, same being 3 weeks' compensation for a period of temporary disability occasioned by said operation."

From which order the present appeal is taken. Prior to the entry of the said final order, this case was set down for hearing and was heard by the State Industrial Commission to determine the extent of disfigurement, all parties appearing either in person or through their attorneys of record, and at which time it was agreed between the parties, through their respective counsel, and the court as shown by the record, that claimant should receive treatment for his disfigurement at the expense of respondent coal company, and for this purpose he was ordered to appear before and receive treatment from Dr. Curt von Wedel of Oklahoma City on and after May 10, 1928. Claimant reported to, and was operated on and treated for sometime, by Dr. von Wedel to reduce the scar and disfigurement. Later, and after said operation and treatment, the Commission took testimony as to results from claimant and Dr. von Wedel. The doctor's evidence was to the effect that his operation had reduced the disfigurement perhaps 50 or 60 per cent., but that it would not be wise to undertake further operation, and that such remaining disfigurement as existed would be permanent. The following testimony from said physician was adduced:

"Q. What is the extent of the present disfigurement? Just what does it consist of? A. It consists of a Y-shaped scar without color in the center of the forehead, and a scar which runs down to the bridge of the nose without color, and a scar which extends across the forehead through the eyebrow, without color. There is, however, a

decided pigmentation through the lower left part of the forehead just above the nose, and it is over an area which is about a half inch and extends over the edge of the eyebrow. This should have been removed, but because of the tension across the brow we were afraid to devitalize the tissue—to devitalize tissue enough to remove this. This is not very noticeable and the scar along the nose has almost been obliterated with the exception of a few dots of color. Q. Are the scars permanent? A. Yes. I don't believe it would justify another operation to remove anything else. If they were on a woman it would be—it could be done, but I don't believe I would in this case. * * * Q. Doctor, the man has some disfigurement there— A. The man has a distinct disfigurement that you could not remove at all. * * * Q. Would you be kind enough to put on your hat there Mr. Hardy. You can scarcely see that at all with his hat on, can you? A. It makes it more vivid than it was before."

The coal company argues through the brief of its attorney that:

"There was really nothing upon which to base any award more than to require your petitioner to pay merely nominal damages, surgeon and hospital bills, and possibly claimant's expenses and something for his time necessarily lost based on his real earnings during such time. If this were an action at law for damages for disfigurement, claimant's case could go out on a demurrer to the evidence, because of a failure in the evidence to show any damage resulting from the slight disfigurement. There was no evidence that claimant ever suffered any embarrassment, or that the scar was sufficient to cause anyone to notice it," etc.

It is a little difficult to harmonize this contention with the statement of the specialist who gave a detailed description of the scars and their size, location, appearance, and permanency.

We are referred to the case of Stubbs v. Industrial Board, etc. (Ill.) 117 N. E. 419, and the following is quoted:

"(3, 4) The proof of the disfigurement and that it affected the ability of the claimant to procure employment was not very clear, but, as it tended to establish that proposition, we would not be authorized to reverse the judgment of the circuit court on the ground that there was no disfigurement."

Section 7290, C. O. S. 1921, among other things, provides:

"In the case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face, or hand, compensation shall be payable in an amount to be determined by the commission, but not in excess of $3,000. Provided, that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

In the case of Bell Oil & Gas Co. v. State Industrial Commission, 88 Okla. 98, 211 Pac. 1042, the court in the syllabus says:

"Where an employee suffers an injury resulting in permanent disfigurement of the head, and there is evidence showing the nature and extent of his injury, it is not necessary that direct evidence as to the amount of damages should be introduced in order to sustain an award of the Commission."

Attention is also called to Erickson v. Preuss et al. (N. Y.) 119 N. E. 555, wherein the court held:

"The Commission may now make an award for serious facial or head disfigurement, though such disfigurement does not diminish or impair the earning capacity of the claimant. The amount is to be such as the Commission may deem proper and equitable in view of the disfigurement, not exceeding $3,500."

The coal company makes some other contentions based upon the facts established, which, however, upon examination, we deem entirely without merit under Hartford Accident & Indemnity Co. v. State Industrial Com. et al., 87 Okla. 180, 209 Pac. 775; Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765; Glasgow v. State Industrial Com., 120 Okla. 37, 250 Pac. 138.

For which reasons we hold that the award of the Industrial Commission should be, and is, affirmed.

TEEHEE, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.