## WARNER & CALDWELL OIL CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 21642. Opinion Filed March 24, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original action brought to review a judgment of the Industrial Commission.

December 14, 1929, claimant filed with the Industrial Commission his claim against the petitioners, alleging that while in the employ of petitioners on the 19th day of November, 1929, he sustained an accidental injury to his right ankle, for which he prays compensation.

The usual and proper notices were given as required by law. The case was heard August 1, 1930, at the conclusion of which the Commission rendered the following award:

"Order.

"1. That on the 19th day of November, 1929, the claimant herein was in the employment of the respondent, and was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, and, while in the course of said employment and arising out of the same, the claimant sustained an accidental injury on the 19th day of November, 1929, to his right ankle.

"2. That the claimant's daily wage at the time of the injury was $3.50 a day.

"3. That claimant has heretofore been paid compensation at the rate of $13.46 per week for a period of 13 weeks and five days, or the total sum of $186.20, computed from November 19, 1929, to March 1, 1930, allowing the five days waiting period; that by reason of the aforementioned accidental injury, the claimant has sustained 33 1/3 per cent. permanent partial loss of the use of the right foot.

"The Commission is of the opinion on consideration of the foregoing facts: That claimant is entitled to compensation at the rate of $13.46 a week for 50 weeks for the permanent partial loss of use of the right foot to the extent of 33 1/3 per cent., or a total sum of $673.

"It is therefore ordered that within ten days from this date, that the respondent or insurance carrier pay to the claimant herein the sum of $282.66 for 21 weeks' compensation, computed from March 1 to July 26, 1930; and that respondent or insurance carrier continue to pay the claimant at the rate of $13.46 a week until a total of 50 weeks have been paid, or the total sum of $673 has been paid on account of 33 1/3 per cent. permanent partial loss of the use of claimant's right foot.

"It is further ordered: That within 30 days, the respondent or insurance carrier file with the Commission receipt or other proper reports evidencing compliance with the terms of this order."

From which ruling of the Commission, petitioners except and bring the case to this court for review.

Petitioners allege as error:

"1. That the award is excessive, contrary to law and not sustained by the evidence.

"2. That the evidence does not sustain the finding that claimant sustained a 33 1/3 per cent. permanent partial disability."

In support of petitioners' contention that the award was excessive and contrary to law, it is urged that compensation should have been based on a certain per cent. of the difference between the claimant's average wage at the time of his injury and his wage-earning capacity thereafter, in any other line of employment, as his physical condition will allow him to follow with reasonable comfort, under subdivision 4, sec. 7290, C. O. S. 1921, as amended (Laws 1923, c. 61, sec. 6). Said section provides, inter alia, "for the loss of a foot, 150 weeks," "for the loss of an eye, 100 weeks," etc.; and this compensation provided for the specific loss of a given member of the body is not based upon loss of time or inability to work, but as compensation for the loss of the specific member. Therefore, in proper cases, claimant is entitled to that compensation irrespective of whether he loses any time from work, or, as in the instant case, is able to do some light work.

In the case of City of Kingfisher v. State Industrial Commission, 115 Okla. 173, 242 Pac. 217, decided December 8, 1925, this court said in its second paragraph of the syllabus:

"Under Workmen's Compensation Law, section 6, subd. 3, c. 246, Session Laws 1915, as amended by section 9, subd. 3, c. 14, Session Laws 1919, held, where the injured employee lost all practical use of an eye as a result of an injury, such employee is entitled to compensation irrespective of the ability of the employee to continue to perform his work in which he was engaged at the time of his injury. The test as to the

rights of an injured employee to receive compensation is only dependent upon such employee having received an accidental personal injury resulting in such a permanent partial disability as is provided for in the schedule of the act," and being predicated upon Winona Oil Co. v. Smithson, 87 Okla. 226, 209 Pac. 398.

In that case this court held that an employee who had lost all or a part of the practical use of an eye is entitled to compensation irrespective of the ability of the employee to continue to perform his work in which he was engaged at the time of the accident. The claimant in that case continued in the employment at the same salary he was receiving prior to his injury, and this court held him entitled to compensation under the act for the loss of his specific member. The claimant in the instant case sustained a permanent partial loss of a specific member, to wit, the right foot. The act provides for compensation for 150 weeks for the loss of a foot. The same section of the act provides for compensation of 100 weeks for the loss of an eye. In view of the above case awarding compensation for a permanent partial loss of an eye irrespective of claimant's ability to continue in the employment, this court holds that the claimant in the case at bar is entitled to compensation for the permanent partial loss of the use of a foot even though he may be able to do some light work.

In Winona Oil Co. v. Smithson, 87 Okla. 226; 209 Pac. 398, this court said:

"It is obvious * * * that such compensation is not dependent upon the actual incapacity of the injured employee to continue to discharge his duties in the line of his employment at the time of his injury. The fact that his employer continues his employment, or that he secures employment from some other person at an increased or decreased wage, in no way affects his right to the compensation specifically provided for in the act. If the injured employee receives such an injury as is specifically provided for in the act, such as the loss of a * * * foot, * * * etc., the same constitutes a permanent partial disability, for the simple reason that the act specifically so provides (sec. 9, S. L. 1919, p. 18), and the injured employee is entitled to the compensation as provided in the schedule of the act. The rule may be found in 2 Schneider's Workmen's Compensation Law, Par. 402, to be as follows:

" 'If the employee's physical efficiency has been substantially impaired, the fact that he is employed at the same work, or at the same or higher wages, will not, as a general rule, disentitle him to compensation, unless it is expressly so provided in the act under which the claim is made. Some impairment of efficiency is, however, essential, unless the injury comes within the disfigurement provision of the act. Under the Kansas act, the court in holding that it was immaterial whether an injured employee was making as much or more after the injury in some other line of employment as he was making prior to the injury, said: "It is settled that, when one is totally or partially incapacitated for hard manual labor, he is not to be denied compensation because he obtains employment even at better wages at a task which he is physically able to perform." ' Hercules Powder Co. v. Morris County Court of Common Pleas, 93 N. J. Law, 93, 107 Atl. 433; Mercury Aviation Co. v. Industrial Acc. Commission of California, 186 Cal. 375, 199 Pac. 508.

"We are of the opinion that it was the intention of the Legislature to treat such physical impairment as the loss of a hand, arm, leg, or eye, as a disability partial in character but permanent in quality, and compensation must be paid where the impairment resulted from an accidental personal injury sustained by the employee arising out of and in the course of his employment, irrespective of his subsequent ability to earn compensation in his present occupation or in other employment."

Petitioners present many authorities which appear to support their contention that "the compensation should have been based on a certain per cent. of the difference between the claimant's average wage at the time of his injury and his wage-earning capacity thereafter in any other line of employment, as his physical condition will allow him to follow with reasonable comfort." But upon examination of these authorities, being largely cases decided after the 1923 amendment became effective, it is apparent that counsel for petitioners are urging rules applicable plainly to cases of temporary total disability which are not applicable to the instant case involving permanent partial disability. The rules governing the former are properly based upon the inability of the employee to work, and petitioners would be correct if an employee is able to do some work and is not claiming compensation for the loss of a specific member in contending that the proper basis of compensation is the difference between the wages which he is earning prior to the injury and his wages after the injury. But in the instant case the claimant is claiming compensation for the permanent partial loss of a specific member, to wit, the foot, and the two cases cited, supra, govern.

Petitioners further contend that the award was not sustained by the evidence. This

requires us to review the evidence as to the extent of the injury.

The transcript of testimony taken at Nowata, Okla., on July 19, 1930, before Chairman Thos H. Doyle, in this case, reveals the following pertinent facts:

Dr. H. M. Prentiss, the company physician, treated claimant, but a perfect union of the fractured ankle was not secured. He testified that, in his opinion, after the fracture had reached its maximum recovery the claimant would have about 10 per cent. permanent partial disability. He further stated that if the objective symptoms were in accordance with the subjective symptoms, the claimant would probably have a total loss of the foot, and that if one considered just the subjective symptoms, the claimant did have a total loss of the foot. Dr. Fred A. Glass, another doctor for the company, testified claimant lacked about 5 per cent. complete extension of the right foot.

Dr. W. L. Stedick, claimant's physician, admitted by petitioners to be well experienced in reading and taking X-ray pictures, testified that, in his opinion, claimant sustained a 50 per cent. permanent partial disability to the right foot.

Victor Coker, claimant, stated that he experienced a 50 per cent. loss of the foot at that time.

George L. Barnes, superintendent for the Warner & Caldwell Oil Company, testified on cross-examination that he did not think the claimant would fake any claim, and that he thought the claimant was trying to tell the truth about the condition of his leg.

It was upon such testimony that the Industrial Commission awarded claimant 33 1/3 per cent. permanent partial disability to the right foot, and upon careful examination, it appears to this court to be evidence amply competent to sustain the finding of the Commission.

In line with the well-known rule applied by this court in such cases, that:

"The decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence to reasonably support it; and the Supreme Court is not authorized to weigh the evidence upon which any finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to reasonably support the finding of fact." Citing, Amerada Petroleum Corp. v. Williams, 134 Okla. 177, 272 Pac. 828; Wilkerson v. Devonian Oil Co., 136 Okla. 18, 275 Pac. 1053; Cameo-Blackstone Coal Co. v. Hardy, 136 Okla. 287, 277 Pac. 937.

It is held that the evidence adduced was sufficiently competent to reasonably support the Commission's finding of fact as to the percentage of disability, claimant receiving thereunder an award of 33 1/3 per cent. permanent partial loss.

The award of the Industrial Commission is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.